1   SEYFARTH SHAW LLP
    Catherine M. Dacre (SBN 141988)
2   Justin T. Curley (SBN 233287)
    Ryan McCoy (SBN 276026)
3   560 Mission Street, 31st Floor
    San Francisco, California 94105-2930
4   Telephone:     (415) 397-2823
    Facsimile:     (415) 397-8549
5
    Attorneys for Defendants
6   CGI FEDERAL INC., a Delaware Corporation; CGI
    TECHNOLOGIES AND SOLUTIONS INC., a Delaware
7   Corporation

8

9                          UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11

12  FRED TOLLINI, on behalf of himself and others      Case No.
    similarly situated,
13                                                      **NOTICE OF REMOVAL OF CIVIL
                           Plaintiff,                   ACTION TO THE UNITED STATES
14                                                      DISTRICT COURT**
              v.
15                                                      (San Francisco Superior Court Case No. CGC
    CGI FEDERAL INC., a Delaware Corporation;           18-566160)
16  CGI TECHNOLOGIES AND SOLUTIONS INC.,
    a Delaware Corporation; and DOES 1 through 50,
17  inclusive,

18                         Defendants.

19

20

21

22

23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF FRED TOLLINI AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that CGI Federal, Inc. and CGI Technologies and Solutions, Inc. ("Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, in order to remove the above-captioned action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, and state that removal is proper for the reasons set forth below.

## BACKGROUND

1.   On April 30, 2018, Fred Tollini ("Plaintiff") filed an unverified "Class Action Complaint" in the Superior Court of California, County of San Francisco entitled *Fred Tollini, on behalf of himself and others similarly situated v. CGI Federal Inc., a Delaware Corporation; CGI Technologies and Solutions Inc., a Delaware Corporation, and Does 1 through 50*, San Francisco Superior Court Case Number CGC-18-566160 (the "Complaint").

2.   The Complaint alleges eight causes of action on an individual, class and collective action basis, stemming from Plaintiff's employment with Defendants, namely Defendants' failure to pay minimum wages; failure to pay regular and overtime wages; failure to provide compliant meal periods; failure to provide accurate wage statements; and violation of the Unfair Competition Law ("UCL"). Plaintiff bases his individual, class and collective action claims on, among other things, alleged violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq*. (Second Cause of Action for failure to pay wages under the FLSA.  Plaintiff also asserts claims under California Labor Code sections 1197 (First Cause of Action for failure to pay minimum wages); 510 (Third Cause of Action for failure to pay wages and overtime wages); 226.7 (Fourth Cause of Action for meal-period liability); 226(a) (Fifth Cause of Action for failure to provide accurate wage statements); 221 (Sixth Cause of Action for unlawful receipt and/or collection of wages from employees); 203 (Seventh Cause of Action for inaccurate wages at termination); and California Business and Professions Code section 17200, *et seq*. (Eighth Cause of Action for violation of the UCL).  Plaintiff demanded that these claims be tried by a jury.

3.      On May 2, 2018, Plaintiff personally served the Summons and Complaint on Defendants. All process, pleadings, notices, and orders received by Defendants in this action are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set forth herein.

4.      On May 30, 2018, Defendants filed their Answer to Plaintiff's Complaint in the Superior Court of California, County of San Francisco.  A conformed copy of the Answer and proof of its filing are attached as **Exhibit B**.

## TIMELINESS OF REMOVAL

5.      To be timely, this Notice of Removal must be filed within thirty (30) days of the service upon Defendants of a copy of the Summons and Complaint.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

6.      As noted above, Plaintiff personally served Defendants on May 2, 2018, meaning that Defendants had until June 1, 2018 to file a Notice of Removal with the United States District Court for the Northern District of California.  Defendants have met this deadline, making their removal timely.

## BASIS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

7.      Federal courts have original jurisdiction over cases that present a federal question.  28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States).

8.      Plaintiff asserts one claim under the federal FLSA for failure to pay wages pursuant to 29 U.S.C. § 206 and 207.  In his Second Cause of Action, Plaintiff asserts an individual claim alleging Defendants failed to pay wages to him pursuant to the FLSA.  *See* Complaint, ¶50-60.  Plaintiff also has filed his Complaint pursuant to 29 U.S.C. § 216 on behalf of a collective defined as: "All current and former non-exempt employees who worked for Defendant at any time during the period of three (3) years prior to the filing of this lawsuit and ending on a date as determined by the Court," including Defendants' current and former non-exempt employees who worked based out of any of Defendants' locations throughout the United States.  *Id.* at ¶28.  This action, therefore, is removable.

9.      Plaintiff asserts the remainder of his claims under California statutes, including the California Labor Code and Business and Professions Code.  These claims arise from the same factual

allegations both as they pertain to his individual and class-wide claims. Plaintiff's individual and class-wide state law claims significantly relate to each other and to his federal claims, and thus, form the same case or controversy. Accordingly, this Court has supplemental jurisdiction over all of Plaintiff's claims pleaded under California law, pursuant to 28 U.S.C. § 1367(a).

## CONSENT OF BOTH NAMED DEFENDANTS

10. Named Defendants, CGI Federal, Inc. and CGI Technologies and Solutions, Inc., jointly bring this Notice of Removal and each named defendant individually consents to removal of the action to federal court.

## SERVICE OF NOTICE OF REMOVAL ON STATE COURT

11. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Francisco, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of California, County of San Francisco, to the United States District Court, Northern District of California.


DATED: June 1, 2018                          Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                             By:    */s/ Ryan McCoy*
                                                    Catherine M. Dacre
                                                    Justin T. Curley
                                                    Ryan McCoy

                                             Attorneys for Defendants
                                             CGI FEDERAL INC., a Delaware Corporation;
                                             CGI TECHNOLOGIES AND SOLUTIONS INC., a
                                             Delaware Corporation

46311345v.1

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

# EXHIBIT A

# COPY

SUM-100

## SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CGI FEDERAL INC., a Delaware Corporation; CGI TECHNOLOGIES
AND SOLUTIONS INC., a Delaware Corporation; and DOES 1 through
50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

FRED TOLLINI, on behalf of himself and others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
| (El nombre y dirección de la corte es): San Francisco Superior Court | CGC-18-566160 |

400 McAllister Street
San Francisco, CA 94102-4515

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David H. Yeremian, 535 Brand Blvd., Suite 705, Glendale, CA 91203

| DATE: April 30, 2018   APR 3 0 2018 | CLERK OF THE COURT | , Deputy |
| (Fecha) | (Secretario)   KALENE APOLONIO | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **CGI Federal Inc., a Delaware Corporation**

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Roman Shkodnik (SBN 285152)<br>DAVID YEREMIAN & ASSOCIATES, INC.<br>535 N Brand Blvd., Suite 705<br>Glendale, CA 91203<br>TELEPHONE NO.: 818-230-8380  FAX NO.: 818-230-0308<br>ATTORNEY FOR *(Name)*: Plaintiff Fred Tollini | **ENDORSED**<br>**F I L E D**<br>*San Francisco County Superior Court*<br><br>APR 30 2018<br><br>CLERK OF THE COURT<br>BY: KALENE APOLONIO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Tollini v. CGI Federal Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-18-566160 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify)*: 8 (Eight)

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 30, 2018

Roman Shkodnik
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CASE NUMBER: CGC-18-566160  FRED TOLLINI VS. CGI FEDERAL INC. ET AL

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

|         |                         |
|---------|-------------------------|
| **DATE:**  | **OCT-03-2018**      |
| **TIME:**  | **10:30AM**          |
| **PLACE:** | **Department 610**   |
|            | **400 McAllister Street** |
|            | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

COPY

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Roman Shkodnik (SBN 285152)
3  roman@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  UNITED EMPLOYEES LAW GROUP, PC
   Walter Haines (SBN 71075)
7  walterhaines@yahoo.com
   5500 Bolsa Ave., Suite 201
8  Huntington Beach, CA 92649
   Telephone: (310) 652-2242
9
   Attorneys for Plaintiff FRED TOLLINI,
10 on behalf of himself and others similarly situated

ENDORSED
FILED
San Francisco County Superior Court

APR 30 2018

CLERK OF THE COURT
BY: _____ KALENE APOLONIO
                    Deputy Clerk

11
12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
13                      FOR THE COUNTY OF SAN FRANCISCO

14 FRED TOLLINI, on behalf of himself and          Case No.  CGC-18-566160
   others similarly situated,
15                                                  CLASS ACTION
                        Plaintiff,
16                                                  Assigned for All Purposes To:
          vs.                                       Hon.
17                                                  Dept.:
   CGI FEDERAL INC., a Delaware
18 Corporation; CGI TECHNOLOGIES AND               CLASS ACTION COMPLAINT FOR:
   SOLUTIONS INC., a Delaware Corporation;
19 and DOES 1 through 50, inclusive,               1.  Failure to Pay Minimum Wages;
                                                   2.  Failure to Pay Wages Under the FLSA,
20                      Defendants.                     29 USC §§ 206, 207;
                                                   3.  Failure to Pay Wages and Overtime
21                                                     Under Labor Code § 510;
                                                   4.  Meal-Period Liability Under Labor
22                                                     Code § 226.7;
                                                   5.  Violation of Labor Code § 226(a);
23                                                 6.  Violation of Labor Code § 221;
                                                   7.  Penalties Pursuant to Labor Code § 203;
24                                                 8.  Violation of Business & Professions Code
                                                      § 17200 et seq.;
25
26                                                 **DEMAND FOR JURY TRIAL**
27
28
                                    - 1 -
                                 COMPLAINT

1    Plaintiff FRED TOLLINI, (hereinafter "Plaintiff") on behalf of himself and all others

2  similarly situated (collectively, "Employees"; individually, "Employee") complains of

3  Defendants, and each of them, as follows:

**INTRODUCTION**

5    1.    Plaintiff brings this action on behalf of himself and all current and former

6  Employees within the State of California who, at any time four (4) years prior to the filing of this

7  lawsuit, are or were employed as non-exempt, hourly employees by Defendants CGI FEDERAL

8  INC., CGI TECHNOLOGIES AND SOLUTIONS INC., and DOES 1 through 50 (all defendants

9  being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each

10  of them, violated various provisions of the California Labor Code, relevant orders of the Industrial

11  Welfare Commission (IWC), the Fair Labor Standards Act ("FLSA") and California Business &

12  Professions Code, and seeks redress therefore.

13    2.    Plaintiff is a resident of California and during the time period relevant to this

14  Complaint was employed by Defendants as a non-exempt hourly employee within the State of

15  California at Defendants' facilities and offices in San Francisco, California. Plaintiff and the other

16  Class members worked for Defendants providing customer services to Defendants customers in

17  San Francisco County, throughout California and the rest of the United States, and consistently

18  worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and

19  the other similarly situated Class members were employed by Defendants and worked at

20  Defendants' offices and other facilities where the conduct giving rise to the allegations in this

21  Class Action Complaint occurred. Upon information and belief, Plaintiff was employed by

22  Defendants and (1) shared similar job duties and responsibilities, (2) was subjected to the same

23  policies and practices, and (3) endured similar violations at the hands of Defendants as the other

24  Employee Class members who served in similar and related positions.

25    3.    Defendants required Plaintiff and the Employees in the Class to perform work

26  while remaining under Defendants' control before and after being on the clock for their daily work

27  shift, and Defendants further failed to accurately record time worked by Plaintiff and the

28  Employee Class members by rounding hours worked to their detriment. Defendants thus failed to

1    pay Plaintiff and the Class members for all hours worked, and provided them with inaccurate wage

2    statements that prevented Plaintiff and the Class from learning of these unlawful pay practices.

3    Defendants also failed to provide Plaintiff and the Class with lawful meal periods, as employees

4    were not provided with the opportunity to take timely, uninterrupted, and duty-free meal periods

5    as required by the Labor Code.

6                                            **THE PARTIES**

7        **A.  The Plaintiff**

8        4.        Plaintiff Fred Tollini has resided in California and during the time period relevant

9    to this Complaint was employed by Defendants as a non-exempt hourly employee within the State

10   of California at Defendants' facilities and offices in San Francisco, California.

11       **B.  The Defendants**

12       5.        Defendant CGI FEDERAL, INC. ("CGI FEDERAL") is a Delaware corporation

13   with its principle executive offices in Fairfax, Virginia, and has been listed as the employer on the

14   wage statements issued to Plaintiff during the relevant time period. CGI Federal does not list a

15   California address with the California Secretary of State, but upon information and belief, employs

16   Plaintiff and the Class members in San Francisco County, including at Defendants' offices and

17   facilities in San Francisco, California, and throughout California and conducts business throughout

18   California.

19       6.        Defendant CGI TECHNOLOGIES AND SOLUTIONS INC. ("CGI T&S") is a

20   Delaware corporation with its principle executive offices in Fairfax, Virginia, and has been listed

21   as the employer on the wage statements issued to Plaintiff during the relevant time period. CGI

22   T&S does not list a California address with the California Secretary of State, but upon information

23   and belief, employs Plaintiff and the Class members in San Francisco County, including at

24   Defendants' offices and facilities in San Francisco, California, and throughout California and

25   conducts business throughout California.

26       7.        The true names and capacities, whether individual, corporate, associate, or

27   whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

28   unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

1   Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

2   designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

3   some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

4   this Complaint to reflect the true names and capacities of the Defendants designated herein as

5   Does 1 through 50 when their identities become known.

6        8.      Plaintiff is informed and believes and thereon alleges that each Defendant acted in

7   all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

8   out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

9   each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

10  all respects as the employers or joint employers of Employees. Defendants, and each of them,

11  exercised control over the wages, hours or working conditions of Employees, or suffered or

12  permitted Employees to work, or engaged, thereby creating a common law employment

13  relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

14  employed Employees.

15                          **JURISDICTION AND VENUE**

16       9.      This Court has jurisdiction over this Action pursuant to California Code of Civil

17  Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought

18  as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

19  Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district

20  pursuant to California Code of Civil Procedure § 395 et seq. Upon information and belief, the

21  obligations and liabilities giving rise to this lawsuit occurred at least in part in San Francisco

22  County and Defendants maintain and operate company offices and facilities in San Francisco

23  County, and employ Plaintiff and other Class members in San Francisco County and throughout

24  California.

25                          **FACTUAL BACKGROUND**

26       10.     The Employees who comprise the Class and Collective, including Plaintiff, are

27  nonexempt employees pursuant to the applicable Wage Order of the IWC and applicable federal

28  regulations. Defendants hire Employees who work in non-exempt positions at the direction of

1    Defendants in the State of California and throughout the United States. Plaintiff and the Class

2    members were either not paid by Defendants for all hours worked or were not paid at the

3    appropriate minimum, regular and overtime rates. Plaintiff also contends that Defendants failed to

4    pay Plaintiff and the Class members all wages due and owing, including by unlawful rounding to

5    their detriment or under-recording of hours worked and off the clock work, made unlawful

6    deductions from their pay, failed to provide meal breaks, and failed to furnish accurate wage

7    statements, all in violation of various provisions of the California Labor Code and applicable

8    Wage Orders, and the FLSA where applicable.

9         11.      During the course of Plaintiff and the Class members' employment with Defendants,

10   they were not paid all wages they were owed, including for all work performed and for all

11   overtime hours worked and were forced to work during their meal breaks to keep labor budgets

12   low. Defendants required the Employee Class members to clock in and out using Defendants'

13   timekeeping system for the beginning and ending times of their work shifts including by

14   requiring them to send an email to a supervisor when they clock in and to send an email to a

15   supervisor when clock out. The timekeeping system thus permitted Defendants to record clock in

16   and clock out times to the real-time minute. However, rather than paying Plaintiff and the Class

17   members for all hours and minutes they actually worked, Defendants followed a uniform policy

18   and practice of rounding all time entries, and generally did so to the detriment of the Employees,

19   and these unlawfully rounded time entries were inputted into Defendants' payroll system from

20   which wage statements and payroll checks were created. Defendants did so with the ostensible

21   intent of paying Class members only for the hours they were scheduled to work, rather than the

22   hours they were actually under Defendants' control. Plaintiff contends this policy is not neutral

23   and results, over time, to the detriment of the Class members by systematically

24   undercompensating them.

25        12.      Defendants had also either failed to maintain timekeeping records for Plaintiff that

26   would permit him to discover the nature and extent of Defendants' unlawful rounding or has

27   refused to produce them to Plaintiff in response to his timely request to be provided with them.

28        13.      As a matter of uniform Company policy, Plaintiff and the Class members were

1  required to work during their meal breaks which were not compensated by Defendants in

2  violation of the California Labor Code and the Fair Labor Standards Act of 1938, as amended, 29

3  U.S.C. §§ 201 *et seq*. Plaintiff and the Class members were also not paid regular wages and

4  overtime for the time they were required to comply with other requirements imposed upon them,

5  which they had to complete while working through their meal breaks and without compensation.

6  As a result Plaintiff and the Class members worked shifts over eight (8) hours in a day and over

7  forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all

8  such hours, including by being required to perform work duties and tasks without pay and while

9  off-the-clock due to Defendants' unlawful rounding. As a result, Plaintiff and the Class members

10  worked substantial overtime hours during their employment with Defendants for which they were

11  not compensated, in violation of the California Labor Code and the FLSA.

12         14.    As a result of the above described unlawful rounding and requirements to work off

13  the clock, the failure to calculate and pay wages at the correct rates, the daily work demands and

14  pressures to work through breaks, and the other wage violations they endured at Defendants'

15  hands, Plaintiff and the Class members were not properly paid for all wages earned and for all

16  wages owed to them by Defendants, including when working more than eight (8) hours in any

17  given day and/or more than forty (40) hours in any given week. As a result of Defendants'

18  unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for

19  which they were not adequately and completely compensated, in addition to the hours they were

20  required to work off the clock. To the extent applicable, Defendants also failed to pay Plaintiff and

21  the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the

22  seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular

23  rate for hours worked over eight (8) on the seventh consecutive work day, as required under the

24  Labor Code and applicable IWC Wage Orders.

25         15.    Therefore, from at least four (4) years prior to the filing of this lawsuit and

26  continuing to the present, Defendants had a consistent policy or practice of failing to pay

27  Employees for all hours worked, and failing to pay minimum wage for all time worked as required

28  by California Law.

16.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

17.     Furthermore, during the three years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to the Third Cause of Action pled herein, Defendants employed Plaintiff and other Class members within the United States (collectively "FLSA Collective Members"). FLSA Collective Members were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by the FLSA, as addressed in further detail herein. The FLSA Collective Members include Defendants' current and former Employees who worked based out of any of Defendants' locations throughout the United States, including in California.

18.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

19.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently and unlawfully collected or received wages from Employees by making automatic deduction from Employees' wages for alleged meal periods which Employees were consistently denied.

20.     Additionally from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely,

1  | accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws.

2  |     21.    Additionally from at least four (4) years prior to filing this lawsuit and continuing

3  | to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to

4  | Employees at the time of their termination of within seventy-two (72) hours of their resignation, as

5  | required by California wage-and-hour laws. Plaintiff and the other Employees in the

6  | Class who are no longer employed by Defendants have been separated from their employment but

7  | have not been timely paid all wages owed in accordance with Labor Code §§ 201-204, as detailed

8  | above.

9  |     22.    In light of the foregoing, Employees bring this action pursuant to, inter alia, <u>Labor</u>

10 | <u>Code §§ 201,202, 203, 204, 221, 226, 226.7, 510, 512, 1185, 1194, 1194.2, 1197, 1199</u>.

11 |     23.    Furthermore, pursuant to <u>Business and Professions Code §§ 17200-17208</u>,

12 | Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have

13 | enjoyed from their violations of Labor Code.

14 |     24.    In this action, Plaintiff, on behalf of himself and the Class, seeks to recover all the

15 | compensation that Defendants are required by law to provide, but failed to provide, to Plaintiff

16 | and all other Class members. Plaintiff also seeks penalties and all other relief available to him and

17 | other Class members under California law. Finally, Plaintiff seeks declaratory relief finding that

18 | the employment practices and policies of the Defendants violated California law and injunctive

19 | relief to enjoin the Defendants from continuing to engage in such unlawful employment practices.

20 |     25.    <u>The Fair Labor Standards Act</u>: The Fair Labor Standards Act of 1938, as amended,

21 | 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as "FLSA"), provides for minimum standards for

22 | both minimum and regular wages and overtime entitlement, and details administrative procedures

23 | by which covered work time must be compensated. The enactment of the provisions of the FLSA

24 | provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage

25 | and overtime pay provisions at issue in this Complaint. According to Congressional findings, the

26 | existence of labor conditions detrimental to the maintenance of the minimum standard of living

27 | engenders unfair commercial competition, labor disputes, and barriers to commerce and the free

28 | flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

1  Defendants violated the FLSA with the above described unlawful wage payment practices,

2  including by not paying Employees for all hours worked at the required minimum and regular

3  wage and for all overtime for hours worked over 40 in a workweek.

### CLASS AND COLLECTIVE ALLEGATIONS

5      26.  Plaintiff brings this class action on behalf of himself an all others similarly situated

6  pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class (or "the Class" or

7  "Class members") defined as follows: "All individuals employed by Defendants, at any time

8  within four (4) years of the filing of this lawsuit, and have been employed by Defendants within

9  the State of California."

10      27.  Further, plaintiff seeks to represent the following Subclasses composed of and

11  defined as follows:

12      a.  Subclass 1. Minimum Wages Subclass. All Class members who were not

13  compensated for all hours worked for Defendants at the applicable minimum wage.

14      b.  Subclass 2. Wages and Overtime Subclass. All Class members who were not

15  compensated for all hours worked for Defendants at the required rates of pay, including for all

16  hours worked in excess of eight in a day and/or forty in a week.

17      c.  Subclass 3. Meal Period Subclass. All Class members who were subject to

18  Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty

19  free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

20      d.  Subclass 4. Wage Statement Subclass. All Class members who, within the

21  applicable limitations period, were not provided with accurate itemized wage statements.

22      e.  Subclass 5. Unauthorized Deductions from Wages Subclass. All Class members

23  who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes

24  worth of wages from Employees for alleged meal periods they were denied and/or by understating

25  the hours worked by Employees.

26      f.  Subclass 6. Termination Pay Subclass. All Class members who, within the

27  applicable limitations period, either voluntarily or involuntarily separated from their employment

28  and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

1  termination.

2         g.    <u>Subclass 7. UCL Subclass</u>. All Class members who are owed restitution as a

3  result of Defendants' business acts and practices, to the extent such acts and practices are found to

4  be unlawful, deceptive, and/or unfair.

5         28.    Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a

6  collective defined as: "All current and former non-exempt employees who worked for Defendant

7  at any time during the period of three (3) years prior to the filing of this lawsuit and ending on a

8  date as determined by the Court" (the "FLSA Collective"). The FLSA Collective Members

9  include of all Defendants' current and former non-exempt employees who worked based out of

10  any of Defendants' locations throughout the United States, including in California. Defendants are

11  liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and FLSA Collective

12  Members for all hours worked.

13         29.    Plaintiff reserves the right under <u>California Rule of Court 3.765</u> to amend or

14  modify the class description with greater particularity or further division into subclasses or

15  limitation to particular issues.

16         30.    This action has been brought and may properly be maintained as a class action

17  under the provisions of <u>Code of Civil Procedure § 382</u> because there is a well-defined community

18  of interest in litigation and proposed class is easily ascertainable.

19      **A.**    **Numerosity**

20         31.    The potential members of the class as defined are so numerous that joinder of all

21  the member of the class is impracticable. While the precise number of class member has not been

22  determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

23  time period relevant to this lawsuit, employed more than 100 individuals were employed by

24  Defendant's within the State of California.

25         32.    Accounting for employee turnover during the relevant time period increases this

26  number substantially. Plaintiff alleges that Defendants' employment records will provide

27  information as to the number and location of all class members.

28  ///

1

**B.    Commonality**

2      33.    There are questions of law and fact common to the class that predominate over any

3   questions affecting only individual class members. These common questions of law and fact

4   include:

5          a.      Whether Defendants failed to pay Employees minimum wages;

6          b.      Whether Defendants failed to pay Employees wages for all hours worked;

7          c.      Whether Defendants failed to pay Employees overtime as required under Labor

8                  Code § 510;

9          d.      Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable

10                 IWC Wage Orders, by failing to provide Employees with requisite meal periods or

11                 premium pay in lieu thereof;

12         e.      Whether Defendants violated Labor Code § 226(a);

13         f.      Whether Defendants violated Labor Code § 221;

14         g.      Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay

15                 wages and compensation due and owing at the time of termination of employment;

16         h.      Whether Defendants violated Business and Professions Code § 17200 et seq.;

17         i.      Whether Employees are entitled to equitable relief pursuant to Business and

18                 Professions Code § 17200 et seq.;

19     **C.    Typicality**

20     34.    The claims of the named plaintiff are typical of those of the other Employees.

21   Employees all sustained injuries and damages arising out of and caused by Defendant's common

22   course of conducts in violation of statutes, as well as regulations that have the force and effect of

23   law, as alleged herein.

24     **D.    Adequacy of Representation**

25     35.    Plaintiff will fairly and adequately represent and protect the interest of Employees.

26   Counsel who represents Employees are experienced and competent in litigating employment class

27   actions.

28   ///

1

**E.      Superiority of Class Action**

2        36.      A class action is superior to other available means for the fair and efficient

3    adjudication of this controversy. Individual joinder of all Employees is not practicable, and

4    questions of law and fact common to all Employees predominate over any questions affecting only

5    individual Employees. Each Employee has been damaged and is entitled to recovery by reason of

6    Defendants' illegal policies or practices of failing to compensate Employees properly.

7        37.      As to the issues raised in this case, a class action is superior to all other methods for

8    the fair and efficient adjudication of this controversy, since joinder of all Class members is

9    impracticable and since many legal and factual questions to be adjudicated apply uniformly to all

10   Class members. Further, as the economic or other loss suffered by vast numbers of Class members

11   may be relatively small, the expense and burden of individual actions makes it difficult for the

12   Class members to individually redress the wrongs they have suffered. Moreover, in the event

13   disgorgement is ordered, a class action is the only mechanism that will permit the employment of

14   a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in

15   managing this case as a class action, and proceeding on a class-wide basis will permit Employees

16   to vindicate their rights for violations they endured which they would otherwise be foreclosed

17   from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

18       38.      Class action treatment will allow those persons similarly situated to litigate their

19   claims in the manner that is most efficient and economical for the parties and the judicial system.

20   Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

21       39.      Defendants, as a prospective and actual employer of the Employees, had a special

22   fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants'

23   pay practices, policies and working conditions imposed upon the similarly situated employees as

24   well as the effect of any alleged arbitration agreements that may have been forced upon them. In

25   addition, Defendants knew they possessed special knowledge about pay practices and policies,

26   most notably not paying for all hours actually worked which should have been recorded in

27   Defendants' pay records and the consequence of the alleged arbitration agreements and policies

28   and practices on the Employees and Class as a whole.

1    40.    Plaintiff and the Employees in the Class did not discover the fact that they were

2  entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there

3  ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by

4  jury, right to collectively organize and oppose unlawful pay practices under California and federal

5  law as well as obtain injunctive relief preventing such practices from continuing. As a result, the

6  applicable statutes of limitation were tolled until such time as Plaintiff and the Class members

7  discovered their claims.

8                          **FIRST CAUSE OF ACTION**

9                      **FAILURE TO PAY MINIMUM WAGES**

10                          **(Against All Defendants)**

11    41.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

12  full herein.

13    42.    Defendants failed to pay Employees minimum wages for all hours worked.

14  Defendants had a consistent policy of misstating Employees time records and failing to pay

15  Employees for all hours worked. Employees would work hours and not receive wages, including

16  as alleged above in connection with working during meal breaks and regarding rounding of

17  timekeeping entries and revisions made to timekeeping records to reflect less time worked than

18  was actually worked or by not recording the actual hours under Defendants' control. Defendants,

19  and each of them, have also intentionally and improperly rounded, changed, adjusted and/or

20  modified Employee hours, and imposed difficult to attain job and  shift scheduling requirements

21  on Plaintiff and the Class members, which resulted in off the clock work and underpayment of all

22  wages owed to employees over a period of time, while benefiting Defendants. During the

23  relevant time period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the

24  Class members, including by unlawful rounding to their detriment. Additionally, Defendants had

25  a consistent policy of failing to pay Employees for hours worked during alleged meal periods for

26  which Employees were consistently denied, as also addressed herein. Defendants' uniform

27  pattern of unlawful wage and hour practices manifested, without limitation, applicable to the

28  Class as a whole, as a result of implementing a uniform policy and practice that denied accurate

1  compensation to Plaintiff and the other members of the Class as to minimum wage pay.

2      43.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage"

3  states:

4          The minimum wage for employees fixed by the commission is the
           minimum wage to be paid to employees, and the payment of a less
5          wage than the minimum so fixed is unlawful.

6      44.    The applicable minimum wages fixed by the commission for work during the

7  relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are

8  therefore entitled to double the minimum wage during the relevant period.

9      45.    The minimum wage provisions of California Labor Code are enforceable by private

10  civil action pursuant to California Labor Code § 1194(a) which states:

11         Notwithstanding any agreement to work for a lesser wage, any
           employee receiving less than the legal minimum wage or the legal
12         overtime compensation applicable to the employee is entitled to
           recover in a civil action the unpaid balance of the full amount of
13         this minimum wage or overtime compensation, including interest
           thereon, reasonable attorney's fees and costs of suit.
14
       46.    As described in California Labor Code §§ 1185 and 1194.2, any action for wages
15
   incorporates the applicable Wage Order of the California Industrial Welfare Commission.
16
       47.    California Labor Code § 1194.2 also provides for the following remedies:
17
           In any action under Section 1194 . . . to recover wages because of
18         the payment of a wage less than the minimum wages fixed by an
           order of the commission, an employee shall be entitled to recover
19         liquidated damages in an amount equal to the wages unlawfully
           unpaid and interest thereon.
20
       48.    Defendants have the ability to pay minimum wages for all time worked and have
21
   willfully refused to pay such wages with the intent to secure for Defendants a discount upon this
22
   indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.
23
       49.    Wherefore, Employees are entitled to recover the unpaid minimum wages
24
   (including double minimum wages), liquidated damages in an amount equal to the minimum
25
   wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant
26
   to California Labor Code § 1194(a).
27
   ///
28

- 14 -
COMPLAINT

1

## SECOND CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES UNDER THE FLSA

### (Against All Defendants)

50.   Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

51.   At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

52.   Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective Employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;...

53.   Plaintiff is informed and believes, and thereon alleges, that certain or all of the Employees were not exempt employees under the FLSA's overtime provisions and that Defendants also required Plaintiff and require the FLSA collective Employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

54.   In the performance of their duties for Defendants, Employees as members of the FLSA collective often did work during their meal breaks and over forty (40) hours per week,

1  experienced rounding of timekeeping entries and revisions made to timekeeping records by the

2  Defendant, and did not receive minimum wages and other required compensation for the work,

3  labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and

4  207, to the detriment of the Employees in the Class, and as addressed in detail above.

5      55.    At all times relevant to this action, Plaintiff was an "employee" of Defendants

6  within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA. At all times relevant to this action,

7  Defendants "suffered or permitted" Plaintiff and the FLSA Collective Members to work and thus

8  "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA. At all times relevant to

9  this action, Defendants required Plaintiff and FLSA Collective Members to perform work under

10 Defendants employ but failed to pay them the federally mandated wages and overtime

11 compensation for all services performed.

12     56.    The precise amount of unpaid wages and unpaid hours will be proven at trial, as

13 will the extent of the geographic scope of the FLSA Collective, as Defendants maintain

14 operations in California but also in other states throughout the United States.   Upon information

15 and belief, Employees of Defendants in other states besides California were also subject to the

16 same uniform and unlawful company policies and practices as were the members of the FLSA

17 Collective employed in California, as addressed herein.

18     57.    The FLSA also imposes a record-keeping requirement on employers, including

19 the obligation to keep accurate records of all hours worked by employees. Defendants have

20 knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve

21 accurate records of all hours worked by Plaintiff and FLSA Collective Members. By failing to

22 record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective

23 Members, and by rounding timekeeping entries down to reflect less hours than were actually

24 worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*

25     58.    Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class

26 members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and

27 to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. §

28 216(b), by filing written consents to joinder with the Court.

1    59.    Defendants' violations of the FLSA were willful within the meaning of the statue

2  and interpretive case law and decisions.

3    60.    Plaintiff seeks judgment against Defendants on her own behalf and on behalf of

4  those FLSA collective employees similarly situated who file written consents to joinder in this

5  action, for all unpaid wages, including minimum and overtime wages owed by Defendants,

6  pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as

7  liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29

8  U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent

9  jurisdiction by any one or more employees for and in behalf of himself or themselves and other

10  employees similarly situated."

11                              **THIRD CAUSE OF ACTION**

12        **FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

13                                **(Against All Defendants)**

14    61.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

15  full herein.

16    62.    By their conduct, as set forth herein, Defendants violated California Labor Code §

17  510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees:

18  (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a

19  workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked

20  on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours

21  worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight

22  (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not

23  paying Employees wages for all hours worked. Employees regularly worked over 8 hours on a

24  given day without receiving overtime compensation. Additionally, Defendants consistently

25  improperly rounded down, changed, adjusted  Employees time records, paid Employees less than

26  their time records showed as demonstrated  by Employees' timesheets which reveal little

27  variance between the hours worked by employees on a daily basis.

28    63.    Defendants' failure to pay compensation in a timely fashion also constituted a

1    violation of California Labor Code § 204, which requires that all wages shall be paid

2    semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct

3    violation of that provision of the California Labor Code, Defendants have failed to pay all wages

4    and overtime compensation earned by Employees. Each such failure to make a timely payment of

5    compensation to Employees constitutes a separate violation of California Labor Code § 204.

6        64.    Employees have been damaged by these violations of California Labor Code §§

7    204 and 510 (and the relevant orders of the Industrial Welfare Commission).

8        65.    Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the

9    relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for

10   the full amount of all their unpaid wages and overtime compensation, with interest, plus their

11   reasonable attorneys' fees and costs.

12                          **FOURTH CAUSE OF ACTION**

13            **MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

14                          **(Against All Defendants)**

15       66.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

16   full herein.

17       67.    Employees regularly worked shifts greater than five (5) hours and greater than ten

18   (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of

19   more than five (5) hours without providing him or her with a meal period of not less than thirty

20   (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second

21   meal period of not less than thirty (30) minutes.

22       68.    Defendants failed to provide Employees with meal periods as required under the

23   Labor Code. Employees were consistently required to work through their meal periods which they

24   were consistently denied. Employees were also required to take meal periods after working well

25   beyond the five (5) hour shifts. Furthermore, Employees were regularly required to work for more

26   than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal

27   period as required by law.

28       69.    Moreover, Defendants failed to compensate Employees for each meal period not

1   provided or inadequately provided, as required under Labor Code § 226.7.

2       70.    Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in

3   an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal

4   period not provided or deficiently provided, a sum to be proven at trial.

5   **FIFTH CAUSE OF ACTION**

6   **VIOLATION OF LABOR CODE § 226(a)**

7   **(Against All Defendants)**

8       71.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

9   full herein.

10       72.    California Labor Code § 226(a) requires an employer to furnish each of his or her

11   employees with an accurate, itemized statement in writing showing the gross and net earnings,

12   total hours worked, and the corresponding number of hours worked at each hourly rate; these

13   statements must be appended to the detachable part of the check, draft, voucher, or whatever else

14   serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

15   statements may be given to the employee separately from the payment of wages; in either case the

16   employer must give the employee these statements twice a month or each time wages are paid.

17       73.    Defendants failed to provide Employees with accurate itemized wage statements in

18   writing, as required by the Labor Code. Specifically, the wage statements given to Employees by

19   Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal

20   periods, automatically deducted wages for alleged meal periods, and failed to account for actual

21   hours worked, all of which Defendants knew or reasonably should have known were owed to

22   Employees, as alleged hereinabove.

23       74.    As a direct and proximate cause of Defendants' violation of Labor Code § 226(a),

24   Employees suffered injuries, including among other things confusion over whether they received

25   all wages owed them, the difficulty and expense involved in reconstructing pay records, and

26   forcing them to make mathematical computations to analyze whether the wages paid in fact

27   compensated them correctly for all hours worked.

28       75.    Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover

1   the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

2   occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

3   exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

4   award of costs and reasonable attorneys' fees.

5                                 **SIXTH CAUSE OF ACTION**

6                            **VIOLATION OF <u>LABOR CODE § 221</u>**

7                                **(Against All Defendants)**

8          76.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

9   full herein.

10         77.    <u>Labor Code § 221</u> provides, "It shall be unlawful for any employer to collect or

11  receive from an employee any part of wages theretofore paid by said employer to said employee."

12         78.    Defendants unlawfully received and/or collected wages from employees by

13  implementing a policy of automatically deducting 30 minutes worth of vested wages, from

14  Employees, for alleged meal periods which they were consistently denied, as well as by

15  understating the hours worked by Employees as alleged above.

16         79.    As a direct and proximate cause of the unauthorized deductions, Employees have

17  been damaged, in an amount to be determined at trial.

18                               **SEVENTH CAUSE OF ACTION**

19                           **VIOLATION OF <u>LABOR CODE § 203</u>**

20                               **(Against All Defendants)**

21         80.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

22  full herein.

23         81.    Numerous Employees are no longer employed by Defendants; they either quit

24  Defendants' employ or were fired therefrom.

25         82.    Defendants failed to pay these Employees all wages due and certain at the time of

26  termination or within seventy-two (72) hours of resignation.

27         83.    The wages withheld from these Employees by Defendants remained due and owing

28  for more than thirty (30) days from the date of separation of employment.

1    84.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants

2    knew wages to be due but failed to pay them; this violation entitles these Employees to penalties

3    under Labor Code § 203, which provides that an employee's wages shall continue until paid for up

4    to thirty (30) days from the date they were due.

5    **EIGHTH CAUSE OF ACTION**

6    **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**

7    **(Against All Defendants)**

8    85.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

9    full herein.

10    86.    Plaintiff, on behalf of himself, Employees, and the general public, brings this claim

11    pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendants as alleged in

12    this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the

13    general public. Plaintiff seeks to enforce important rights affecting the public interest within the

14    meaning of Code of Civil Procedure

15    § 1021.5.

16    87.    Plaintiff is a "person" within the meaning of Business & Professions Code

17    § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive

18    relief, restitution, and other appropriate equitable relief.

19    88.    Business & Professions Code § 17200 et seq. prohibits unlawful and unfair

20    business practices.

21    89.    Wage-and-hour laws express fundamental public policies. Paying employees their

22    wages and overtime, providing them with meal periods, etc., are fundamental public policies of

23    California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce

24    minimum labor standards, to ensure that employees are not required or permitted to work under

25    substandard and unlawful conditions, and to protect law-abiding employers and their employees

26    from competitors who lower costs to themselves by failing to comply with minimum labor

27    standards.

28    90.    Defendants have violated statutes and public policies. Through the conduct alleged

- 21 -
COMPLAINT

in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code § 17200 et seq.</u>; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

91.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code § 17200 et seq.</u>

92.     Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code § 17200 et seq.</u>

93.     As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.     For an order certifying this action as a class action;

2.     For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.     For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.     For compensatory damages in the amount of the hourly wage made by Employees

1  for each missed or deficient meal period where no premium pay was paid therefor from four (4)

2  years prior to the filing of this action, as may be proven;

3       5.    For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

4       6.    For restitution and/or damages for all amounts unlawfully withheld from the wages

5  for all class members in violation of Labor Code § 221, as may be proven;

6       7.    For penalties pursuant to Labor Code § 203 for all Employees who quit or were

7  fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

8       8.    For restitution for unfair competition pursuant to Business & Professions Code

9  § 17200 et seq., including disgorgement or profits, as may be proven;

10       9.    For an order enjoining Defendants and their agents, servants, and employees, and

11  all persons acting under, in concert with, or for them, from acting in derogation of any rights or

12  duties adumbrated in this Complaint;

13       10.    For facilitated Notice under 29 USC § 216(b), compensation pursuant to the FLSA,

14  29 U.S.C. §§ 201, 206, 207, et seq., conditional and final certification of a Collective Action, and

15  for interest on any compensatory damages, and attorneys' fees, interest, and costs of suit pursuant

16  to 29 U.S.C. § 216(b);

17       11.    For all general, special, and incidental damages as may be proven;

18       12.    For an award of pre-judgment and post-judgment interest;

19       13.    For an award providing for the payment of the costs of this suit;

20       14.    For an award of attorneys' fees; and

21       15.    For such other and further relief as this Court may deem proper and just.

22

23  DATED:  April 30, 2018          DAVID YEREMIAN & ASSOCIATES, INC.

24

25                           By

26                            David Yeremian

27                            Roman Shkodnik
                            Attorneys for Plaintiff
                            FRED TOLLINI

28                              and the putative class

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4  DATED:  April 30, 2018                              DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                                                   By

7                                                                        David Yeremian
                                                                         Roman Shkodnik
8                                                                        Attorneys for Plaintiff
                                                                         FRED TOLLINI
9                                                                        and the putative class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -
COMPLAINT

# EXHIBIT B

SEYFARTH SHAW LLP
Catherine M. Dacre (SBN 141988)
Justin T. Curley (SBN 233287)
Ryan McCoy (SBN 276026)
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:      (415) 397-2823
Facsimile:      (415) 397-8549

Attorneys for Defendant
CGI FEDERAL INC., a Delaware Corporation; CGI
TECHNOLOGIES AND SOLUTIONS INC., a Delaware
Corporation

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| FRED TOLLINI, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CGI FEDERAL INC., a Delaware Corporation; CGI TECHNOLOGIES AND SOLUTIONS INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CGC-18-566160<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF FRED TOLLINI'S CLASS ACTION COMPLAINT** |

Defendants CGI Federal Inc., a Delaware Corporation, and CGI Technologies and Solutions Inc., a Delaware Corporation (collectively "Defendants"), hereby answer the unverified Original Complaint filed by Plaintiff Fred Tollini ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

## ADDITIONAL DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The additional defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any additional defense contained herein at any time. Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege the following additional defenses to the Complaint:

## FIRST ADDITIONAL DEFENSE

### (Failure to State a Claim For Relief)

1. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND ADDITIONAL DEFENSE

### (Good Faith – 29 U.S.C. § 259)

2. Defendants' acts or omissions complained of in the Complaint were carried out in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and/or interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Defendants belong and thus subject to the provisions of 29 U.S.C. § 259.

### THIRD ADDITIONAL DEFENSE

#### (Good Faith – 29 U.S.C. § 260)

3.     Defendants' acts or omissions complained of in the Complaint were carried out in good faith and Defendants had reasonable grounds for believing that their actions or omissions were not in violation of applicable laws and thus subject to the provisions of 29 U.S.C. § 260.

### FOURTH ADDITIONAL DEFENSE

#### (Statute of Limitations)

4.     The Complaint, and each purported cause of action alleged therein, are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 337, 338.1, 339, 340, and 343, California Business & Professions Code § 17208, and 29 U.S.C. § 255.

### FIFTH ADDITIONAL DEFENSE

#### (No Standing)

5.     The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff lacks standing to pursue the claims for relief in the Complaint on behalf of some or all current or former employees on whose behalf he brought the action.

### SIXTH ADDITIONAL DEFENSE

#### (Estoppel)

6.     The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are estopped by their conduct to assert any cause of action against Defendants.

### SEVENTH ADDITIONAL DEFENSE

#### (Unclean Hands)

7.     The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

### EIGHTH ADDITIONAL DEFENSE

#### (*Laches*)

8.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of *laches*.  Plaintiff exercised inexcusable delay in pursuing his claims herein.  Additionally, employees are instructed on how to report any alleged improper activity.  To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action failed to report any such alleged conduct, their causes of action are barred by the doctrine of *laches*.

### NINTH ADDITIONAL DEFENSE

#### (Offset)

9.    To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendants are entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff.

### TENTH ADDITIONAL DEFENSE

#### (Ratification)

10.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred on the ground that Plaintiff and/or any current or former employees on whose behalf he brought the action ratified Defendants' alleged actions.

### ELEVENTH ADDITIONAL DEFENSE

#### (Waiver)

11.    The Complaint, and each cause of action attempted to be stated therein, is barred on the ground that Plaintiff and/or the current or former employees on whose behalf he brought the action have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

### TWELFTH ADDITIONAL DEFENSE

#### (*Res Judicata*/Collateral Estoppel/Claim Splitting)

12.    The Complaint is barred by the doctrines of *res judicata*, collateral estoppel, and/or claim splitting, to the extent that Plaintiff and/or the current or former employees on whose behalf he brought

the action have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits or in other pending or past actions.

### THIRTEENTH ADDITIONAL DEFENSE

#### (Release)

13.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action have given a release in exchange for adequate consideration.

### FOURTEENTH ADDITIONAL DEFENSE

#### (Accord and Satisfaction)

14.     Defendants allege that Plaintiff's claims are barred by the doctrine of accord and satisfaction.  Specifically, Plaintiff and/or the current or former employees on whose behalf he brought the action were properly and fully compensated for all work performed for Defendants, and acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendants.

### FIFTEENTH ADDITIONAL DEFENSE

#### (Contribution by Plaintiff's Own Acts)

15.     The Complaint, and each purported cause of action alleged therein, is barred because any injuries and/or alleged damages were proximately caused by and/or contributed to by the acts, omissions, and/or failure to act by Plaintiff and/or the current or former employees on whose behalf he brought the action.

### SIXTEENTH ADDITIONAL DEFENSE

#### (Avoidable Consequences)

16.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of avoidable consequences.

### SEVENTEENTH ADDITIONAL DEFENSE

#### (No Knowledge, Authorization, or Ratification)

17.     Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization, or ratification of Defendants.

1

2

### EIGHTEENTH ADDITIONAL DEFENSE

### (Failure to Inform Employer of Alleged Violations)

18.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Defendants did not have actual or constructive knowledge, or any reason to know, about any alleged unlawful conduct or purported complaints, any alleged failure to pay wages, or any purported late, missed, or interrupted meal periods or rest periods allegedly suffered by Plaintiff or any other purportedly similarly situated current or former employees.  Defendants did not have actual or constructive knowledge, or any reason to know, about any alleged inaccuracies regarding wage statements or payroll records of Plaintiff or any other purportedly similarly situated current or former employees.  Defendants did not have actual or constructive knowledge, or any reason to know, that Plaintiff or any other purportedly similarly situated current or former employees were denied any meal or rest periods.  Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his lawsuit.

### NINETEENTH ADDITIONAL DEFENSE

### (Good Faith Dispute)

19.     Plaintiff's claims based on a violation of California Labor Code Sections 201 and 202 are barred to the extent that Defendants and Plaintiff and/or the current or former employees on whose behalf he brought the action had a good-faith dispute as to whether any wages or premiums were due at the time of termination of employment.  To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are subsequently able to allege that their employment has been terminated, either by involuntary discharge or voluntary resignation, Defendants believe in good faith that all wages and premiums have been, or will have been, paid to Plaintiff and/or the current or former employees on whose behalf he brought the action.

### TWENTIETH ADDITIONAL DEFENSE

### (*De Minimis* Doctrine)

20.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff and/or the current or former employees on whose behalf he brought the action were not

6

paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial, trivial, or insignificant periods of purported off-the-clock work.  *See, e.g., Rutti v. Lojack Corp.*, 596 F. 3d 1046, 1057-58 (9th Cir. 2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is not compensable; "most courts 'have found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F. 2d 1057, 1062, 1064 (9th Cir. 1984) ("[i]t is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable").

## TWENTY-FIRST ADDITIONAL DEFENSE

### (Lack of Knowledge)

21.     Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or any other purportedly similarly-situated current or former employees.  *See*, *e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation").

## TWENTY-SECOND ADDITIONAL DEFENSE

### (Unreasonable and Unnecessary Expenses)

22.     Defendants have satisfied any expense reimbursement obligation under California Labor Code section 2802.  Plaintiff and and/or the current or former employees on whose behalf he brought the action have cannot prevail on their reimbursement claim to the extent they have failed to request reimbursement and/or have not incurred for reasonable and necessary business expenses reimbursable under Labor Code section 2802.

## TWENTY-THIRD ADDITIONAL DEFENSE

### (No Knowing and Intentional Violation)

23.     Plaintiff's Complaint is barred to the extent that Plaintiff and/or any current or former employees on whose behalf he brought the action cannot allege any facts showing that Defendants, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly and intentionally violated the provisions of California Labor Code section 226.  Plaintiff and the current or former employees on whose behalf he brought the action have, therefore, have no claim pursuant to California Labor Code section 226.

## TWENTY-FOURTH ADDITIONAL DEFENSE

### (Labor Code § 2856)

24.     This Complaint is barred by Labor Code § 2856 to the extent that Plaintiff or any individual he seeks to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiff or that individual seeks relief.

## TWENTY-FIFTH ADDITIONAL DEFENSE

### (No Injury)

25.     Plaintiff and/or any current or former employees on whose behalf he brought the action have suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore are barred from recovering penalties.

## TWENTY-SIXTH ADDITIONAL DEFENSE

### (Failure to Take Provided Meal Periods or Rest Breaks)

26.     Plaintiff's claims for failure to provide meal and rest periods are barred to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action were provided all required meal and rest breaks and chose not to take the breaks provided.

## TWENTY-SEVENTH ADDITIONAL DEFENSE

### (Not Compensable Time)

27.     Plaintiff's claims, and those of the individuals he seeks to represent, are precluded to the extent that part or all of the time for which pay is claimed is not compensable time or hours worked.

## TWENTY-EIGHTH ADDITIONAL DEFENSE

### (Waiver of Meal Periods)

28.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

## TWENTY-NINTH ADDITIONAL DEFENSE

### (Waiver of Second Meal Periods)

29.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

## THIRTIETH ADDITIONAL DEFENSE

### (Payment of Premium Wages)

30.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period.  The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

## THIRTY-FIRST ADDITIONAL DEFENSE

### (Excessive Fines)

31.     Plaintiff's claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendants' rights to due process and equal protection under the United States and California Constitutions.  Additionally, the recovery of any statutory penalties against Defendants are unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United

States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

### THIRTY-SECOND ADDITIONAL DEFENSE

### (Unavailable Remedies Under the UCL)

32.     Plaintiff's UCL cause of action fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL.  As a former employee, Plaintiff lacks standing to seek equitable relief under the UCL.

### THIRTY-THIRD ADDITIONAL DEFENSE

### (Postliminary/Preliminary Work)

33.     Part or all of any time that Plaintiff and/or the current or former employees on whose behalf he brought the action allege should be paid to them is non-compensable preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 254(a).

### THIRTY-FOURTH ADDITIONAL DEFENSE

### (Not Integral and Indispensable Work)

34.     Even if Defendants failed to pay for any activities performed by Plaintiff and/or the current or former employees on whose behalf he brought the action, such activities do not constitute compensable work under the FLSA and are not an integral and indispensable part of the principal activities of employment for Plaintiff and/or the current or former employees on whose behalf he brought the action.

### THIRTY-FIFTH ADDITIONAL DEFENSE

### (Improper Defendant)

36     Defendant CGI Technologies and Solutions, Inc. is not a proper defendant in this action because Plaintiff was never employed by CGI Technologies and Solutions, Inc.

### ADDITIONAL DEFENSES

37.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

1

## **PRAYER**

2          WHEREFORE, Defendants pray for judgment as follows:

3          1.        That Plaintiff, on behalf of himself and any persons whom Plaintiff purports to represent

4    by this action, take nothing by the unverified Complaint;

5          2.        That judgment be entered in favor of Defendants and against Plaintiff and all persons

6    Plaintiff purports to represent by this action on all causes of action;

7          3.        That Defendants be awarded reasonable attorneys' fees according to proof;

8          4.        That Defendants be awarded the costs of suit incurred herein; and

9          5.        That Defendants be awarded such other and further relief as the Court may deem

10   appropriate and proper.

11   DATED: May 30, 2018                              Respectfully submitted,

12                                                   SEYFARTH SHAW LLP

13

14                                        By: _____

15                                                   Catherine M. Dacre
                                                     Justin T. Curley
16                                                   Ryan McCoy

17                                        Attorneys for Defendants
                                          CGI FEDERAL INC., a Delaware Corporation;
18                                        CGI TECHNOLOGIES AND SOLUTIONS INC.,
                                          a Delaware Corporation

19   46308698v.1

20

21

22

23

24

25

26

27

28

11

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105.  On May 30, 2018, I served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF FRED TOLLINI'S
CLASS ACTION COMPLAINT**

☐ I sent such document from facsimile machine (415) 397-8549 on May 30, 2018.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by causing the document listed above to be personally delivered to the person(s) at the address(es) set forth below by a messenger of Nationwide Legal.

☐ by placing the document(s) listed above in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| David Yeremian, Esq.<br>Roman Shkodnik, Esq.<br>David Yeremian & Associates<br>535 N. Brand Blvd., Suite 705<br>Glendale, CA  91203<br>david@yeremianlaw.com<br>roman@yeremianlaw.com<br>Tel.:  818-230-8380  /  Fax:   818-230-0308 | Walter Haines, Esq.<br>United Employees Law Group, PC<br>5500 Bolsa Ave., Suite 201<br>Huntington Beach, CA 92649<br>Tel.:  (310) 652-2242<br>walterhaines@yahoo.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 30, 2018, at San Francisco, California.

_____
Gloria Garcia

46589874v.1

1

# File & ServeXpress

HOME | FILING & SERVICE | ALERTS | SEARCH

Case History | Cases Search | Daily Docket | Transaction Status | Advanced Search

Home > **Transaction 62078644**

Printable Version | Transaction Report | <<Previous transaction | Next transaction>>

---

**Case number:** CGC-18-566160 [View Case History]

**Case name:** Tollini, Fred vs CGI Federal Inc et al

**Court:** CA Superior Court County of San Francisco-Civil

**Judge:** Judge, Civil

Filed only at 5/30/2018 11:09 AM PDT
No calendar event scheduled
**Filing Received by San Francisco County on 5/30/2018 11:10AM PDT**
The Court will consider transactions ready for review during normal business hours excluding weekends and Court holidays

◉ View all document(s) as a list   ○ View document(s) inline

## ⊟ Document List (1)    Total Statutory Fees: $450.00

**Main Document, 12 pages   ID: 81423522**
Document History | PDF Format | Original Format

| | | | |
|---|---|---|---|
| **Document type:** | Answer (Original) | **Clerk review status/action:** | Pending |
| **Security:** | Public | **Date reviewed:** | N/A |
| **Statutory fee:** | $450.00 | | |
| **Document title:** | Defendants Answer to Plaintiff Fred Tollinis Class Action Complaint | | |

## ⊟ Other Transaction Data

| **Transaction Comment:** None | **Financial Comment:** None |
|---|---|

**Client matter code**
48494

## ⊟ Parties and Recipients   View Read Status ℹ

### ⊟ Sending Parties (2)

| | | | | |
|---|---|---|---|---|
| | | | | 1-2 of 2 sending parties |
| ▲Party | Party Type | Attorney | Attorney Type | Firm |
| C G I Federal Inc, | Defendant | No Answer on File | Attorney in Charge | Firm TBD |
| CGI Technologies & Solutions Inc, | Defendant | No Answer on File | Attorney in Charge | Firm TBD |
| | | | | 1-2 of 2 sending parties |

### ⊟ Recipients (0)

| Party | Party Type | Attorney | Firm | Delivery Status | Delivery Method | Type |
|---|---|---|---|---|---|---|
| | | | | none available | | |

**□ Additional Recipients (0)**

| Document/Notice | Name | Delivery Method | Delivery Status |
|---|---|---|---|
| | | none available | |

**□ Courtesy Copy Recipients (0)**

| | none available | |
|---|---|---|

---

**□ Sender Information**

| Submitted by: | Hector Meza, Nationwide Legal File & Serve Inc |
|---|---|
| Authorizer: | Justin Curley, Seyfarth Shaw LLP-San Francisco |

<<Previous transaction          Next transaction>>

**About File & ServeXpress** | **Resource Center** | **FAQs** | **Terms & Conditions** | **Privacy**

© 2018 File & ServeXpress, LLC. All rights reserved

**Client Support**

☎ 1-888-529-7587

✉ support@fileandserve.com

💬 Chat Online

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105.  On June 1, 2018, I served the within document(s):

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

| | |
|---|---|
| ☐ | I sent such document from facsimile machine (415) 397-8549 on June 1, 2018.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below. |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. |
| ☐ | by causing the document listed above to be personally delivered to the person(s) at the address(es) set forth below by a messenger of Nationwide Legal. |
| ☐ | by placing the document(s) listed above in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below. |
| ☐ | by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below. |

| | |
|---|---|
| David Yeremian, Esq.<br>Roman Shkodnik, Esq.<br>David Yeremian & Associates<br>535 N. Brand Blvd., Suite 705<br>Glendale, CA  91203<br>david@yeremianlaw.com<br>roman@yeremianlaw.com<br>Tel.:  818-230-8380  /  Fax:   818-230-0308 | Walter Haines, Esq.<br>United Employees Law Group, PC<br>5500 Bolsa Ave., Suite 201<br>Huntington Beach, CA 92649<br>Tel.:  (310) 652-2242<br>walterhaines@yahoo.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 1, 2018, at San Francisco, California.

_____
Gloria Garcia

46589874v.1

1