DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Roman Shkodnik (SBN 285152)
roman@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
walterhaines@yahoo.com
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone: (310) 652-2242

Attorneys for Plaintiff FRED TOLLINI,
on behalf of himself and others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED TOLLINI, on behalf of himself and others similarly situated,<br><br>     Plaintiff,<br>  vs.<br><br>CGI FEDERAL INC., a Delaware Corporation; CGI TECHNOLOGIES AND SOLUTIONS INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No. 18-cv-03275-MMC<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Hon. Maxine M. Chesney<br>Dept.: Courtroom 7, San Francisco<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages Under the FLSA, 29 USC §§ 206, 207;<br>3. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>4. Meal-Period Liability Under Labor Code § 226.7;<br>5. Violation of Labor Code § 226(a);<br>6. Violation of Labor Code § 221;<br>7. Penalties Pursuant to Labor Code § 203;<br>8. Violation of Business & Professions Code § 17200 et seq.;<br>9. Penalties Pursuant to Labor Code § 2699, *et seq.*<br>**DEMAND FOR JURY TRIAL** |

- 1 -

1    Plaintiff FRED TOLLINI, (hereinafter "Plaintiff") on behalf of himself and all others

2  similarly situated (collectively, "Employees"; individually, "Employee") complains of

3  Defendants, and each of them, as follows:

4                              **INTRODUCTION**

5    1.    Plaintiff brings this action on behalf of himself and all current and former

6  Employees within the State of California who, at any time four (4) years prior to the filing of this

7  lawsuit, are or were employed as non-exempt, hourly employees by Defendants CGI FEDERAL

8  INC., CGI TECHNOLOGIES AND SOLUTIONS INC., and DOES 1 through 50 (all defendants

9  being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each

10  of them, violated various provisions of the California Labor Code, relevant orders of the Industrial

11  Welfare Commission (IWC), the Fair Labor Standards Act ("FLSA") and California Business &

12  Professions Code, and seeks redress therefore.

13    2.    Plaintiff is a resident of California and during the time period relevant to this

14  Complaint was employed by Defendants as a non-exempt hourly employee within the State of

15  California at Defendants' facilities and offices in San Francisco, California. Plaintiff and the other

16  Class members worked for Defendants providing customer services to Defendants customers in

17  San Francisco County, throughout California and the rest of the United States, and consistently

18  worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and

19  the other similarly situated Class members were employed by Defendants and worked at

20  Defendants' offices and other facilities where the conduct giving rise to the allegations in this

21  Class Action Complaint occurred. Upon information and belief, Plaintiff was employed by

22  Defendants and (1) shared similar job duties and responsibilities, (2) was subjected to the same

23  policies and practices, and (3) endured similar violations at the hands of Defendants as the other

24  Employee Class members who served in similar and related positions.

25    3.    Defendants required Plaintiff and the Employees in the Class to perform work

26  while remaining under Defendants' control before and after being on the clock for their daily work

27  shift, and Defendants further failed to accurately record time worked by Plaintiff and the

28  Employee Class members by rounding hours worked to their detriment. Defendants thus failed to

FIRST AMENDED COMPLAINT

1  pay Plaintiff and the Class members for all hours worked, and provided them with inaccurate wage

2  statements that prevented Plaintiff and the Class from learning of these unlawful pay practices.

3  Defendants also failed to provide Plaintiff and the Class with lawful meal periods, as employees

4  were not provided with the opportunity to take timely, uninterrupted, and duty-free meal periods

5  as required by the <u>Labor Code</u>.

6  **THE PARTIES**

7  **A.  The Plaintiff**

8      4.    Plaintiff Fred Tollini has resided in California and during the time period relevant

9  to this Complaint was employed by Defendants as a non-exempt hourly employee within the State

10 of California at Defendants' facilities and offices in San Francisco, California.

11 **B.  The Defendants**

12     5.    Defendant CGI FEDERAL, INC. ("CGI FEDERAL") is a Delaware corporation

13 with its principle executive offices in Fairfax, Virginia, and has been listed as the employer on the

14 wage statements issued to Plaintiff during the relevant time period. CGI Federal does not list a

15 California address with the California Secretary of State, but upon information and belief, employs

16 Plaintiff and the Class members in San Francisco County, including at Defendants' offices and

17 facilities in San Francisco, California, and throughout California and conducts business throughout

18 California.

19     6.    Defendant CGI TECHNOLOGIES AND SOLUTIONS INC. ("CGI T&S") is a

20 Delaware corporation with its principle executive offices in Fairfax, Virginia, and has been listed

21 as the employer on the wage statements issued to Plaintiff during the relevant time period. CGI

22 T&S does not list a California address with the California Secretary of State, but upon information

23 and belief, employs Plaintiff and the Class members in San Francisco County, including at

24 Defendants' offices and facilities in San Francisco, California, and throughout California and

25 conducts business throughout California.

26     7.    The true names and capacities, whether individual, corporate, associate, or

27 whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

28 unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under <u>Code of</u>

FIRST AMENDED COMPLAINT

Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

8.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred at least in part in San Francisco County and Defendants maintain and operate company offices and facilities in San Francisco County, and employ Plaintiff and other Class members in San Francisco County and throughout California.

## FACTUAL BACKGROUND

10.    The Employees who comprise the Class and Collective, including Plaintiff, are nonexempt employees pursuant to the applicable Wage Order of the IWC and applicable federal regulations. Defendants hire Employees who work in non-exempt positions at the direction of

Defendants in the State of California and throughout the United States. Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, including by unlawful rounding to their detriment or under-recording of hours worked and off the clock work, made unlawful deductions from their pay, failed to provide meal breaks, and failed to furnish accurate wage statements, all in violation of various provisions of the California Labor Code and applicable Wage Orders, and the FLSA where applicable.

11.     During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed and for all overtime hours worked and were forced to work during their meal breaks to keep labor budgets low. Defendants required the Employee Class members to clock in and out using Defendants' timekeeping system for the beginning and ending times of their work shifts including by requiring them to send an email to a supervisor when they clock in and to send an email to a supervisor when clock out. The timekeeping system thus permitted Defendants to record clock in and clock out times to the real-time minute. However, rather than paying Plaintiff and the Class members for all hours and minutes they actually worked, Defendants followed a uniform policy and practice of rounding all time entries, and generally did so to the detriment of the Employees, and these unlawfully rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created. Defendants did so with the ostensible intent of paying Class members only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control. Plaintiff contends this policy is not neutral and results, over time, to the detriment of the Class members by systematically undercompensating them.

12.     Defendants had also either failed to maintain timekeeping records for Plaintiff that would permit him to discover the nature and extent of Defendants' unlawful rounding or has refused to produce them to Plaintiff in response to his timely request to be provided with them.

13.     As a matter of uniform Company policy, Plaintiff and the Class members were

FIRST AMENDED COMPLAINT

1    required to work during their meal breaks which were not compensated by Defendants in

2    violation of the California <u>Labor Code</u> and the Fair Labor Standards Act of 1938, as amended, 29

3    U.S.C. §§ 201 *et seq.* Plaintiff and the Class members were also not paid regular wages and

4    overtime for the time they were required to comply with other requirements imposed upon them,

5    which they had to complete while working through their meal breaks and without compensation.

6    As a result Plaintiff and the Class members worked shifts over eight (8) hours in a day and over

7    forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all

8    such hours, including by being required to perform work duties and tasks without pay and while

9    off-the-clock due to Defendants' unlawful rounding. As a result, Plaintiff and the Class members

10   worked substantial overtime hours during their employment with Defendants for which they were

11   not compensated, in violation of the California <u>Labor Code</u> and the FLSA.

12          14.     As a result of the above described unlawful rounding and requirements to work off

13   the clock, the failure to calculate and pay wages at the correct rates, the daily work demands and

14   pressures to work through breaks, and the other wage violations they endured at Defendants'

15   hands, Plaintiff and the Class members were not properly paid for all wages earned and for all

16   wages owed to them by Defendants, including when working more than eight (8) hours in any

17   given day and/or more than forty (40) hours in any given week. As a result of Defendants'

18   unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for

19   which they were not adequately and completely compensated, in addition to the hours they were

20   required to work off the clock. To the extent applicable, Defendants also failed to pay Plaintiff and

21   the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the

22   seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular

23   rate for hours worked over eight (8) on the seventh consecutive work day, as required under the

24   <u>Labor Code</u> and applicable IWC Wage Orders.

25          15.     Therefore, from at least four (4) years prior to the filing of this lawsuit and

26   continuing to the present, Defendants had a consistent policy or practice of failing to pay

27   Employees for all hours worked, and failing to pay minimum wage for all time worked as required

28   by California Law.

FIRST AMENDED COMPLAINT

16.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of <u>Labor Code § 510</u> and the corresponding sections of IWC Wage Orders.

17.     Furthermore, during the three years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to the Third Cause of Action pled herein, Defendants employed Plaintiff and other Class members within the United States (collectively "FLSA Collective Members"). FLSA Collective Members were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by the FLSA, as addressed in further detail herein. The FLSA Collective Members include Defendants' current and former Employees who worked based out of any of Defendants' locations throughout the United States, including in California.

18.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

19.     Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently and unlawfully collected or received wages from Employees by making automatic deduction from Employees' wages for alleged meal periods which Employees were consistently denied.

20.     Additionally from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely,

FIRST AMENDED COMPLAINT

accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws.

21.     Additionally from at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws. Plaintiff and the other Employees in the Class who are no longer employed by Defendants have been separated from their employment but have not been timely paid all wages owed in accordance with Labor Code §§ 201-204, as detailed above.

22.     In light of the foregoing, Employees bring this action pursuant to, inter alia, Labor Code §§ 201, 202, 203, 204, 221,226, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, and 2699, *et seq*.

23.     Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code.

24.     In this action, Plaintiff, on behalf of himself and the Class, seeks to recover all the compensation that Defendants are required by law to provide, but failed to provide, to Plaintiff and all other Class members. Plaintiff also seeks penalties and all other relief available to him and other Class members under California law. Finally, Plaintiff seeks declaratory relief finding that the employment practices and policies of the Defendants violated California law and injunctive relief to enjoin the Defendants from continuing to engage in such unlawful employment practices.

25.     The Fair Labor Standards Act: The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (hereinafter referred to as "FLSA"), provides for minimum standards for both minimum and regular wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue in this Complaint. According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free

FIRST AMENDED COMPLAINT

flow of goods in commerce, and interferes with the orderly and fair marketing of goods. Defendants violated the FLSA with the above described unlawful wage payment practices, including by not paying Employees for all hours worked at the required minimum and regular wage and for all overtime for hours worked over 40 in a workweek.

## CLASS AND COLLECTIVE ALLEGATIONS

26.     Plaintiff brings this class action on behalf of himself an all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class (or "the Class" or "Class members") defined as follows: "All individuals employed by Defendants, at any time within four (4) years of the filing of this lawsuit, and have been employed by Defendants within the State of California."

27.     Further, plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a.      Subclass 1. Minimum Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b.      Subclass 2. Wages and Overtime Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c.      Subclass 3. Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d.      Subclass 4. Wage Statement Subclass. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

e.      Subclass 5. Unauthorized Deductions from Wages Subclass. All Class members who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes worth of wages from Employees for alleged meal periods they were denied and/or by understating the hours worked by Employees.

f.      Subclass 6. Termination Pay Subclass. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment

1    and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

2    termination.

3            g.        Subclass 7. UCL Subclass. All Class members who are owed restitution as a

4    result of Defendants' business acts and practices, to the extent such acts and practices are found to

5    be unlawful, deceptive, and/or unfair.

6        28.    Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a

7    collective defined as: "All current and former non-exempt employees who worked for Defendant

8    at any time during the period of three (3) years prior to the filing of this lawsuit and ending on a

9    date as determined by the Court" (the "FLSA Collective"). The FLSA Collective Members

10   include of all Defendants' current and former non-exempt employees who worked based out of

11   any of Defendants' locations throughout the United States, including in California. Defendants are

12   liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and FLSA Collective

13   Members for all hours worked.

14       29.    Plaintiff reserves the right under California Rule of Court 3.765 to amend or

15   modify the class description with greater particularity or further division into subclasses or

16   limitation to particular issues.

17       30.    This action has been brought and may properly be maintained as a class action

18   under the provisions of Code of Civil Procedure § 382 because there is a well-defined community

19   of interest in litigation and proposed class is easily ascertainable.

20       **A.        Numerosity**

21       31.    The potential members of the class as defined are so numerous that joinder of all

22   the member of the class is impracticable. While the precise number of class member has not been

23   determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

24   time period relevant to this lawsuit, employed more than 100 individuals were employed by

25   Defendant's within the State of California.

26       32.    Accounting for employee turnover during the relevant time period increases this

27   number substantially. Plaintiff alleges that Defendants' employment records will provide

28   information as to the number and location of all class members.

**B.    Commonality**

33.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact include:

    a.    Whether Defendants failed to pay Employees minimum wages;

    b.    Whether Defendants failed to pay Employees wages for all hours worked;

    c.    Whether Defendants failed to pay Employees overtime as required under <u>Labor Code § 510</u>;

    d.    Whether Defendants violated <u>Labor Code §§ 226.7 and 512</u>, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

    e.    Whether Defendants violated <u>Labor Code § 226(a)</u>;

    f.    Whether Defendants violated <u>Labor Code § 221</u>;

    g.    Whether Defendants violated <u>Labor Code §§ 201, 202, and 203</u> by failing to pay wages and compensation due and owing at the time of termination of employment;

    h.    Whether Defendants violated <u>Business and Professions Code § 17200 et seq.</u>;

    i.    Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code § 17200 et seq.</u>; and

    j.    Whether Defendants are liable for penalties under <u>Labor Code § 2699, *et seq*</u>.

**C.    Typicality**

34.    The claims of the named plaintiff are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendant's common course of conducts in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.    Adequacy of Representation**

35.    Plaintiff will fairly and adequately represent and protect the interest of Employees. Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E.    Superiority of Class Action**

36.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

37.    As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, since joinder of all Class members is impracticable and since many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

38.    Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

39.    Defendants, as a prospective and actual employer of the Employees, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably not paying for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

40.     Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiff and the Class members discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

41.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

42.     Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees time records and failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with working during meal breaks and regarding rounding of timekeeping entries and revisions made to timekeeping records to reflect less time worked than was actually worked or by not recording the actual hours under Defendants' control. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified Employee hours, and imposed difficult to attain job and  shift scheduling requirements on Plaintiff and the Class members, which resulted in off the clock work and underpayment of all wages owed to employees over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the Class members, including by unlawful rounding to their detriment. Additionally, Defendants had a consistent policy of failing to pay Employees for hours worked during alleged meal periods for which Employees were consistently denied, as also addressed herein. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate

compensation to Plaintiff and the other members of the Class as to minimum wage pay.

43.    <u>California Labor Code § 1197</u>, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

44.    The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are therefore entitled to double the minimum wage during the relevant period.

45.    The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to <u>California Labor Code § 1194(a)</u> which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

46.    As described in <u>California Labor Code §§ 1185 and 1194.2</u>, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

47.    <u>California Labor Code § 1194.2</u> also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

48.    Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

49.    Wherefore, Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to <u>California Labor Code § 1194(a)</u>.

///

- 14 -

FIRST AMENDED COMPLAINT

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES UNDER THE FLSA**

**(Against All Defendants)**

50.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

51.    At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

52.    Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective Employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;…

53.    Plaintiff is informed and believes, and thereon alleges, that certain or all of the Employees were not exempt employees under the FLSA's overtime provisions and that Defendants also required Plaintiff and require the FLSA collective Employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

54.    In the performance of their duties for Defendants, Employees as members of the FLSA collective often did work during their meal breaks and over forty (40) hours per week,

- 15 -

FIRST AMENDED COMPLAINT

1    experienced rounding of timekeeping entries and revisions made to timekeeping records by the

2    Defendant, and did not receive minimum wages and other required compensation for the work,

3    labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and

4    207, to the detriment of the Employees in the Class, and as addressed in detail above.

5          55.    At all times relevant to this action, Plaintiff was an "employee" of Defendants

6    within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA. At all times relevant to this action,

7    Defendants "suffered or permitted" Plaintiff and the FLSA Collective Members to work and thus

8    "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA. At all times relevant to

9    this action, Defendants required Plaintiff and FLSA Collective Members to perform work under

10   Defendants employ but failed to pay them the federally mandated wages and overtime

11   compensation for all services performed.

12         56.    The precise amount of unpaid wages and unpaid hours will be proven at trial, as

13   will the extent of the geographic scope of the FLSA Collective, as Defendants maintain

14   operations in California but also in other states throughout the United States.   Upon information

15   and belief, Employees of Defendants in other states besides California were also subject to the

16   same uniform and unlawful company policies and practices as were the members of the FLSA

17   Collective employed in California, as addressed herein.

18         57.    The FLSA also imposes a record-keeping requirement on employers, including

19   the obligation to keep accurate records of all hours worked by employees. Defendants have

20   knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve

21   accurate records of all hours worked by Plaintiff and FLSA Collective Members. By failing to

22   record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective

23   Members, and by rounding timekeeping entries down to reflect less hours than were actually

24   worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*

25         58.    Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class

26   members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and

27   to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. §

28   216(b), by filing written consents to joinder with the Court.

FIRST AMENDED COMPLAINT

59.     Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

60.     Plaintiff seeks judgment against Defendants on her own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER <u>LABOR CODE § 510</u>**

**(Against All Defendants)**

61.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

62.     By their conduct, as set forth herein, Defendants violated California <u>Labor Code § 510</u> (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked. Employees regularly worked over 8 hours on a given day without receiving overtime compensation. Additionally, Defendants consistently improperly rounded down, changed, adjusted  Employees time records, paid Employees less than their time records showed as demonstrated  by Employees' timesheets which reveal little variance between the hours worked by employees on a daily basis.

63.     Defendants' failure to pay compensation in a timely fashion also constituted a

violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

64.     Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

65.     Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

66.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

67.     Employees regularly worked shifts greater than five (5) hours and greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

68.     Defendants failed to provide Employees with meal periods as required under the Labor Code. Employees were consistently required to work through their meal periods which they were consistently denied. Employees were also required to take meal periods after working well beyond the five (5) hour shifts. Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law.

69.     Moreover, Defendants failed to compensate Employees for each meal period not

provided or inadequately provided, as required under Labor Code § 226.7.

70.    Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

71.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

72.    California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

73.    Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods, automatically deducted wages for alleged meal periods, and failed to account for actual hours worked, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

74.    As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

75.    Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover

the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

award of costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE § 221</u>**

**(Against All Defendants)**

76.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

full herein.

77.     <u>Labor Code § 221</u> provides, "It shall be unlawful for any employer to collect or

receive from an employee any part of wages theretofore paid by said employer to said employee."

78.     Defendants unlawfully received and/or collected wages from employees by

implementing a policy of automatically deducting 30 minutes worth of vested wages, from

Employees, for alleged meal periods which they were consistently denied, as well as by

understating the hours worked by Employees as alleged above.

79.     As a direct and proximate cause of the unauthorized deductions, Employees have

been damaged, in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE § 203</u>**

**(Against All Defendants)**

80.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

full herein.

81.     Numerous Employees are no longer employed by Defendants; they either quit

Defendants' employ or were fired therefrom.

82.     Defendants failed to pay these Employees all wages due and certain at the time of

termination or within seventy-two (72) hours of resignation.

83.     The wages withheld from these Employees by Defendants remained due and owing

for more than thirty (30) days from the date of separation of employment.

FIRST AMENDED COMPLAINT

84.     Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

### (Against All Defendants)

85.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

86.     Plaintiff, on behalf of himself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

87.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

88.     Business & Professions Code § 17200 et seq. prohibits unlawful and unfair business practices.

89.     Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

90.     Defendants have violated statutes and public policies. Through the conduct alleged

in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code § 17200 et seq.</u>; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

91.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code § 17200 et seq.</u>

92.     Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code § 17200 et seq.</u>

93.     As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

94.     Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

<u>**NINTH CAUSE OF ACTION**</u>

**PENALTIES PURSUANT TO <u>LABOR CODE § 2699, ET SEQ.</u>**

**(Against All Defendants)**

95.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

96.     Plaintiff and Employees are aggrieved employees as defined under <u>Labor Code § 2699(c)</u> in that they suffered the violations alleged in this Complaint and were employed by the alleged violators, Defendants.

97.    Plaintiff seeks wages and penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of all Labor Code provisions included under Labor Code § 2699.5 and includes the penalty provisions, without limitation, based on the following California Labor Code sections: 201, 202, 203, 204, 221,226, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, and 2699, *et seq*.

98.    The penalties shall be allocated as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employee.

99.    Employees also seek any and all penalties and remedies set forth in Labor Code § 558, which states:

> (a)    Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

> (b)    If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c)    The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

100.    Plaintiff has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on March 1, 2018  and an amended certified letter on April 30, 2018. The LWDA has not provided notice of its intent to investigate the alleged violations

within 65 calendar days of the postmark date of the letter.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.     For an order certifying this action as a class action;

2.     For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.     For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.     For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

5.     For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

6.     For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

7.     For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

8.     For restitution for unfair competition pursuant to Business & Professions Code § 17200 et seq., including disgorgement or profits, as may be proven;

9.     For penalties pursuant to Labor Code § 2699, et seq., as may be proven;

10.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

11.     For facilitated Notice under 29 USC § 216(b), compensation pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, et seq., conditional and final certification of a Collective Action, and for interest on any compensatory damages, and attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b);

12.     For all general, special, and incidental damages as may be proven;

13.     For an award of pre-judgment and post-judgment interest;

14.     For an award providing for the payment of the costs of this suit;

15.     For an award of attorneys' fees; and

16.     For such other and further relief as this Court may deem proper and just.


DATED:  July 23, 2018                              DAVID YEREMIAN & ASSOCIATES, INC.


                                                    By /s/ Roman Shkodnik
                                                       David Yeremian
                                                       Roman Shkodnik
                                                       Attorneys for Plaintiff
                                                       FRED TOLLINI
                                                       and the putative class

FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED:  July 23, 2018                    DAVID YEREMIAN & ASSOCIATES, INC.


                                         By  /s/ Roman Shkodnik
                                             David Yeremian
                                             Roman Shkodnik
                                             Attorneys for Plaintiff
                                             FRED TOLLINI
                                             and the putative class

FIRST AMENDED COMPLAINT