DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
David@yeremianlaw.com
Roman Shkodnik (SBN 285152)
roman@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
whaines@uelg.com
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone: (310) 652-2242

Attorneys for Plaintiff Fred Tollini,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED TOLLINI, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CGI FEDERAL INC., a Delaware Corporation; CGI TECHNOLOGIES AND SOLUTIONS INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 18-cv-03275-MMC<br><br>CLASS ACTION<br><br>*[Assigned for all purposes to the Honorable Maxine M. Chesney]*<br><br>[**PROPOSED**] **ORDER GRANTING PLAINTIFF'S REVISED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE, AND SETTING FINAL APPROVAL HEARING**<br><br>*[Filed concurrently with Notice of Motion; Memorandum; and Supplemental Declaration of David Yeremian]*<br><br>Complaint Filed: April 30, 2018<br>FAC Filed:        July 23, 2018 |

# ORDER

On November 21, 2019, plaintiff Fred Tollini ("plaintiff"), on behalf of himself and the similarly situated employees of defendant CGI FEDERAL INC., a Delaware Corporation ("defendant") (together, the "parties"), filed a Motion for Preliminary Approval of the parties' Stipulation of Settlement and Release of the above-titled class and collective action pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C section 201, *et seq*.  At a hearing on January 3, 2020, the Court declined, at that time, to grant the relief sought, and afforded the parties leave to revise the motion and supplement their submissions.

Now before the Court is plaintiff's revised motion for preliminary approval, filed April 8, 2020.  By said motion, plaintiff, without opposition by defendant, seeks an Order (1) certifying, for settlement purposes only, the class and collective under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and 29 U.S.C. § 216(b); (2) preliminarily approving the parties' Stipulation of Settlement and Release (Doc. No. 40-2) and Addendum to Settlement Agreement and Release of Claims (Doc. No. 51-1) (collectively, the "Settlement" or "Settlement Agreement"); (3) appointing plaintiff Fred Tollini as the representative for the Settlement Class Members, and Class Counsel David Yeremian and Roman Shkodnik of David Yeremian & Associates, Inc. as counsel for the Settlement Class Members; (4) approving the parties' proposed Class Notice; and (5) scheduling a hearing on the final approval of the Settlement and approval of the application of Class Counsel and plaintiff for their requested attorneys' fees, costs, and service award.[1]

The Court's scrutiny of the proposed settlement is as rigorous at the preliminary approval stage as at the final approval stage. *See Cotter v. Lyft, Inc*., 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016).  Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

---

[1] Initially, by said motion, plaintiff sought leave to file a Second Amended Class Action Complaint, for the purpose of adding a cause of action for rest-break liability under California Labor Code § 226.7 and a cause of action for reimbursement of necessary expenditures under California Labor Code § 2802.  On May 15, 2020, the Court conducted a hearing on the motion, and, for the reasons stated on the record at the hearing, denied the request to amend.

1.    The Court hereby conditionally certifies, for settlement purposes only and pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. section 216(b), the following class and collective: all current and former non-exempt individuals employed by defendant within the State of California at any time during the period from April 30, 2014 through May 27, 2019 ("Settlement Class"). The Settlement Class will not include any person who previously settled or released the released claims set forth in Section 18 of the Settlement Agreement, or any other person who previously was paid or received awards through civil or administrative actions for the released claims covered by this Settlement.

2.    The Court conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the Settlement Class meets the requirements for certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Specifically, the Court finds: (a) the Settlement Class Members are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class Members; (c) certain claims of plaintiff Fred Tollini are typical of the claims of Settlement Class Members; (d) plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) individualized issues do not predominate over the issues of law and fact that are common to the class as a whole. The principal issues of controversy are whether class and collective members received all wages and breaks. These issues are suitable for common adjudication because all Settlement Class Members were subject to the same or similar policies and practices of not being paid for non-productive time, and all Settlement Class Members were subject to uniform meal break policies and practices; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy in the context of settlement

3.    The Court conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the Settlement Class meets the requirements for certification as a collective under the Fair Labor Standards Act ("FLSA"). "Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members." *Tijero v. Aaron Brothers, Inc.*

1  2013 U.S. Dist. Lexis 178511 (N.D. Cal. 2013) at *20-21 (internal quotation and citation omitted.)
2  In *Tijero, supra*, 2013 U.S. Dist. Lexis at *22, the Court held that by meeting the more stringent
3  requirements for certification under Rule 23, "the Court finds that Plaintiffs have sufficiently
4  shown that potential collective action members are 'similarly situated' within the meaning of the
5  FLSA for purposes of conditional certification."  Likewise, in the instant case, as plaintiff
6  contends in his Revised Motion for Preliminary Approval of the Parties' Stipulation of Settlement
7  and Release, the Settlement Class has met the requirements under Rule 23 and thus should be
8  granted conditional certification as a collective under the FLSA.

9      4.    Considering the factors set forth in *In re Mego Financial Corp. Sec. Litig.*, 213 F.
10  3d 454, 458 (9th Cir. 2000) and Rule 23(e)(2), and for the reasons stated on the record at the
11  hearing on January 3, 2020, the Court further finds that, for purposes of preliminary approval, the
12  proposed Settlement Agreement is fair.

13      5.    The Court finds, on a preliminary basis, that the Settlement Agreement is the result
14  of arms-length negotiations conducted after Class Counsel had adequately investigated the claims
15  and become familiar with the strengths and weaknesses of the claims. The assistance of an
16  experienced mediator in the settlement process supports the Court's conclusion that the proposed
17  settlement is non-collusive. "The Court further finds, on a preliminary basis, that although the
18  settlement agreement contains a clear sailing provision, the requested attorney's fees and costs are
19  not unreasonably high, and, given that unclaimed funds do not revert to defendant, the settlement
20  agreement withstands the "higher level of scrutiny for evidence of collusion or other conflicts of
21  interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair."
22  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011).

23      6.    The Court therefore finds on a preliminary basis that the proposed terms of the
24  Settlement Agreement are reasonable, and grants preliminary approval of the proposed Settlement.

25      7.    The Court conditionally appoints plaintiff Fred Tollini as Class Representative to
26  represent the Settlement Class Members for settlement purposes only.

27      8.    The Court conditionally appoints David Yeremian, Esq. and Roman Shkodnik, Esq.
28  of David Yeremian & Associates, Inc., as Class Counsel.

9. The Court appoints ILYM Group, Inc. as the Settlement Administrator and preliminarily approves the allocated Settlement Administration expenses. The Settlement Administrator will prepare a final version of the Notice of Pendency of Class Action and Proposed Settlement (hereinafter the "Class Notice"), a copy of which is attached hereto, incorporating into it the relevant dates and deadlines set forth herein, and will carry out the notice procedures set forth in the Settlement Agreement and herein.

10. ILYM Group, Inc. shall, as set forth in Section 15(e) of the Settlement Agreement, provide to all parties' counsel a written report noting the number of Class Notices sent, the number which were returned as undeliverable, and the number of valid Opt Outs by Class Members. In addition, said report shall include, to the extent practicable, (1) the number of email notices that were opened and (2) the number of email notices that were returned as undeliverable.

11. The Court concludes that the Class Notice as well as the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class Members, will provide the best notice practicable under the facts and circumstances of this case. The Class Notice fairly, plainly, accurately, and reasonably informs the Settlement Class Members of: (a) the nature of the Action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including the plan of allocation; (b) plaintiff and Class Counsel's applications for the plaintiff's Class Representative enhancement reward and Class Counsel's request for attorneys' fees and litigation costs; (c) how to participate in and receive proceeds under the Settlement; (d) how to object to or request exclusion from the Settlement; (e) how to obtain additional information regarding the Action and the Settlement; and (f) the binding nature of the settlement for those who do not opt out. The Court thus finds that the notice requirements for class and collective actions are satisfied.

12. Any Settlement Class Member who intends to object to final approval of the Settlement or Class Counsel's motion for fees and costs must submit an objection in writing to the Settlement Administrator by August 7, 2020, and also submit it to the Court by that date, either by mailing it to the Clerk of the Court, U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, California, 94102, or by filing it in person at any location of the U.S. District Court for the Northern District of California. Any Class Member or

purported Class Member who fails to submit a timely written objection in both manners described above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement and from filing any appeal from any Final Order and Judgment issued by the Court.

13. The Parties and Settlement Administrator are ordered to provide notice of the settlement according to the terms of the Settlement Agreement and in conformity with this Order, including:

    a) No more than ten (10) calendar days after entry of the Preliminary Approval Order, defendant shall provide the Settlement Administrator with the Class Members' Information for purposes of sending the Class Notice to the Settlement Class Members.

    b) No more than seven (7) calendar days after defendant provides the Settlement Class data to the Settlement Administrator, the Settlement Administrator shall mail the Class Notice to the Class Members at their last-known addresses provided by defendant. This mailing shall be made via first class mail through the U.S. Postal Service. Prior to the mailing, the Settlement Administrator shall run the addresses provided through the U.S. Postal Service's National Change of Address database and update the last known addresses as necessary.

    c) In addition, by the same date as set forth in section 13(b), the Class Notice shall be emailed by the Settlement Administrator to Class Members for which defendant has a last known email address.

    d) If any Class Notice mailed to any Settlement Class Member is returned, the Settlement Administrator shall perform one skip trace to locate a current address and, if a current address is located, shall update the Settlement Class Member's address and promptly re-mail the Class Notice.  If any Class Notice is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the postal mailing to that address.

- 6 -

  e) In the event that any Class Notice is returned as undeliverable a second time, no further postal mailing shall be required. The re-mailing of the Class Notice will not extend the deadline for objecting to or requesting exclusion from the Settlement.

  f) The Class Notice will inform the Settlement Class Members that unless they file a request to be excluded from the Settlement by August 7, 2020: they will be bound by the Settlement and its Released Claims; they will receive an individual settlement amount under the Agreement; they will be bound by the release of Settlement Class Members' Released Claims; and if they cash their Individual Settlement Payment check, they will thereby consent to the release of claims asserted under the FLSA, 29 U.S.C. §§ 216, *et seq.*, including claims for wages, liquidated damages, interest, attorneys' fees and costs that are factually and reasonably related to claims in the First Amended Complaint.

  g) The Class Notice will also inform all Settlement Class Members that cashing their individual settlement payment checks amounts to opting into the FLSA Collective.

  h) The Class Notice will inform the Settlement Class Members of their right to opt-out of the Settlement and the procedure for doing so.

  i) The Class Notice will inform the Settlement Class Members of their right to object to the Settlement and the procedure for doing so.

  j) The Class Notice shall include a statement as to the number of Workweeks attributable to each Settlement Class Member, as well as an explanation for how the Workweeks will be used to calculate the individual settlement amounts. The Class Notice shall also inform the Settlement Class Members of their right to dispute the number of Workweeks attributed to them, as well as the procedure for doing so.

14. Plaintiff has provided notice of the settlement to the California Labor and Workforce Development Agency, satisfying the requirements of PAGA.

15. The notice of settlement served by defendant on the U.S. and applicable state Attorneys General satisfies the requirements of the Class Action Fairness Act.

16. Upon the effective date of the settlement agreement, defined as the date after any and all appeals have been resolved, plaintiff and each member of the Settlement Class shall be deemed to have released defendant and any parent, subsidiary, affiliate, predecessor or successor, and any and all agents, employees, officers, directors, insurers, and attorneys thereof (the "Releasees"), from any and all claims, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, actions, or causes of action contingent or accrued for any and all claims that were asserted in the original and amended complaints filed in the Lawsuit, or any claims, known or unknown, which could have been asserted based on the allegations in the original and amended complaints filed in the Lawsuit, including, without limitation, any claims under federal and state law, claims for unpaid wages, claims for unpaid minimum wages, claims for unpaid overtime, claims for missed meal breaks, claims for meal break penalties, claims for liquidated damages, claims for unlawful deductions from wages, claims for conversion of wages, claims for record-keeping violations, claims for wage-statement penalties, claims for "waiting time" penalties, claims of late/untimely payment of wages, and claims under the applicable California Wage Orders and the California Labor Code, as well as claims under Business and Professions Code section 17200 *et seq.*, and claims for penalties pursuant to Labor Code section 2698, *et seq.* (the PAGA) based on alleged violations of the applicable Wage Orders and Labor Code provisions, including claims for restitution and other equitable relief, liquidated damages, punitive damages, or penalties, claims under the FLSA, and any other benefit claimed on account of the allegations asserted or that could have been asserted in the complaints filed in the Lawsuit (the "Released Claims").

17. The Settlement Agreement is expressly conditioned upon the release by all Settlement Class Members of any claim under Labor Code section 2698, *et seq.* and 29 U.S.C. §§ 216, *et seq.* as to the released claims set forth above, and upon covenants by all Settlement Class Members that they will not participate in any proceeding seeking damages or penalties as to all the Released Claims set forth above.

18. All proceedings and all litigation of the above-titled action, other than those pertaining to the administration of the Settlement, are stayed pending the Final Approval Hearing.

19. Plaintiff and the Settlement Class Members are prohibited from prosecuting against defendant or the Releasees, defined in Section 18 of the settlement agreement, any claims to be released under the Settlement Agreement pending the Final Approval Hearing, unless and until the class member has opted out of the Settlement Class.

20. The preliminary approval of the Settlement, certification of the Settlement Class Members, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court, in which event the Settlement Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class or the appropriateness of maintaining a representative action.

21. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to preliminarily approve the Settlement Agreement and, if the Settlement is not finally approved, will not have any claim or issue preclusion or estoppel effect in this or any other action against defendant.

22. On September 4, 2020, 9:00 a.m., the Court will conduct a Final Approval Hearing, at which it will make a determination on: (i) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (ii) the amount of attorneys' fees and costs that should be awarded to Class Counsel; (iii) the amount of the enhancement award that the plaintiff as Class Representative should receive; and (iv) Settlement Administration costs. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines without further notice to the Settlement Class Members.

23. Plaintiff's Motion for Final Approval of the Settlement, and Class Counsel's motion for an award of attorneys' fees and costs, will also be heard on September 4 at 9:00 a.m.,

and the Parties and the Settlement Administrator will comply with the following schedule for the Settlement Administration and final approval process:

| Due Date | Activity |
|---|---|
| June 1, 2020 | Deadline for defendant to provide the Settlement Class information to the Settlement Administrator. |
| June 8, 2020 | Deadline for ILYM Group, Inc. to mail and email the Class Notice to the Settlement Class Members. |
| June 22, 2020 | Deadline for Class Counsel to File Motion for Approval of Attorneys' Fees and Costs and Class Representative Service Award ("Fees Motion") and Declaration from Settlement Administrator, Class Representative, and Class Counsel in support thereof. |
| August 7, 2020 | Deadline for the Settlement Class Members to Object to the Settlement |
| August 7, 2020 | Deadline for the Settlement Class Members to submit an opt-out request. |
| August 7, 2020 | Deadline for the Settlement Class Members to dispute the number of Workweeks attributed to them. |
| August 14, 2020 | Deadline for Settlement Administrator to provide to counsel for the parties the written report regarding notice, opt-outs, and objections. |
| August 21, 2020 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Declaration from Settlement Administrator, and Supplemental Documents for Fees Motion.<br><br>Deadline for the parties to file any responses to objections. |
| September 4, 2020 | Date of Final Approval Hearing |

**IT IS SO ORDERED.**

DATED: May 22, 2020

_____
HONORABLE MAXINE M. CHESNEY
JUDGE OF THE NORTHERN DISTRICT OF CALIFORNIA

- 10 -