1   DAVID YEREMIAN & ASSOCIATES, INC.
    David Yeremian (SBN 226337)
2   David@yeremianlaw.com
    Roman Shkodnik (SBN 285152)
3   roman@yeremianlaw.com
    535 N. Brand Blvd., Suite 705
4   Glendale, California 91203
    Telephone: (818) 230-8380
5   Facsimile: (818) 230-0308

6   UNITED EMPLOYEES LAW GROUP, PC
    Walter Haines (SBN 71075)
7   walterhaines@yahoo.com
    5500 Bolsa Ave., Suite 201
8   Huntington Beach, CA 92649
    Telephone: (310) 652-2242
9
    Attorneys for Plaintiff Fred Tollini,
10  on behalf of himself and all others similarly situated

11                  **UNITED STATES DISTRICT COURT**

12        **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

13

14

15  FRED TOLLINI, on behalf of himself and      Case No.:  18-cv-03275-MMC
    others similarly situated,
16                                              *[Assigned for all purposes to the Honorable*
                                                *Maxine M. Chesney]*
17           Plaintiff,
                                                CLASS ACTION
18           vs.
                                                **NOTICE OF MOTION AND UNOPPOSED**
19  CGI FEDERAL INC., a Delaware                **MOTION FOR FINAL APPROVAL OF**
    Corporation; CGI TECHNOLOGIES AND           **CLASS AND COLLECTIVE ACTION**
20  SOLUTIONS INC., a Delaware Corporation;     **SETTLEMENT; MEMORANDUM OF**
    and DOES 1 through 50, inclusive,           **POINTS AND AUTHORITIES IN SUPPORT**
21                                              **THEREOF**
             Defendants.
22                                              *[Filed concurrently with Supporting Declarations*
                                                *of David Yeremian and Lluvia Islas; and*
23                                              *[Proposed] Order and Judgment]*

24                                              Date:          September 4, 2020
                                                Time:          9:00 a.m.
25                                              Courtroom.:    7

26                                              Complaint Filed:  April 23, 2018
                                                Trial Date:       None Set
27

28

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on **September 4, 2020**, at **9:00 a.m.** or as soon thereafter as counsel may be heard, in Courtroom 7 of this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Maxine M. Chesney, Plaintiff Fred Tollini ("Plaintiff"), will and hereby does move this Court for an order pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 200 et seq. granting final approval of the Stipulation of Settlement of Class Action and Release ("Settlement" or "Settlement Agreement") and Addendum to Settlement Agreement and Release of Claims ("Addendum")( "Settlement")  entered into between the parties in this action. Specifically, Plaintiff seeks an order: (1) certifying the Class for settlement purposes only; (2) finding the Settlement fair, reasonable and adequate, and in the best interests of the Class Members; (3) approving Class Counsel's application for an award of attorneys' fees of  $87,500.00 and costs of up to $16,000.00; (4) approving the Class Representative's application for $5,000.00; (5) approving the payment of the reasonable settlement administrative costs; (6) dismissing all of the class, collective and representative claims in the action with prejudice and releasing and forever barring any further Class Member Released Claims by Class Members who did not timely opt out of the Settlement; (7) dismissing all of the claims of Plaintiff Fred Tollini in this action with prejudice and dismissing Plaintiff Fred Tollini as a party from the action and releasing and barring all of his Released Claims; and (8) granting final approval of the class action settlement in this matter and entering of a final order and judgment incorporating by reference the terms and definitions in the Settlement and and Addendum, e-filed ECF Nos. 40-2 and 51-2.

Plaintiff brings this Motion in accordance with the Court's Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (ECF Nos. 49), and pursuant to the Court's authority to approve the Settlement upon finding that it is fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The proposed settlement is fair, adequate, and reasonable and in the best interests of the Class as a whole. The procedures proposed by the parties have been adequate to ensure the opportunity of Class members to participate in, opt out of, or object to the Settlement, and it has been

1  preliminarily approved. Settlement Administration has been completed successfully, and the

2  Settlement provides reasonable compensation to the Class Members for their claims against

3  Defendant.

4       Plaintiff requests entry of the concurrently provided [Proposed] Order and Judgment

5  granting final approval of the Settlement Agreement and awarding the Settlement Administrator,

6  ILYM Group, Inc. ("ILYM"), reasonable administration costs and fees of $7,500.00. The

7  Administration has been summarized and addressed by the Administrator in connection with the

8  Fees and Costs Motion (*see* ECF No. 54-7) and in the concurrently filed Declaration of Lluvia

9  Islas of ILYM in support of final approval. Plaintiff further requests that the Court approve the

10 requested attorneys' fees and costs and representative enhancement award, as addressed in the

11 Fees and Costs Motion documents. Plaintiff respectfully submits good cause exists for granting

12 the Motion for the reasons set forth in the concurrently filed documents, and those submitted with

13 the Fees and Costs Motion (ECF Nos. 54 *et seq.*).

14      This Motion is based upon this Notice of Motion and Unopposed Motion, the

15 Memorandum of Points and Authorities, and the Declarations of David Yeremian (Class

16 Counsel), and Lluvia Islas (Settlement Administrator), along with the other documents filed

17 herewith, including the Settlement Agreement and Notice documents, any Exhibits to the

18 Declarations, and the [Proposed] Order and Judgment, the other pleadings and records on file in

19 this action, and the presentations of counsel and such oral or documentary evidence as may be

20 presented at the hearing on this unopposed Motion.

21

22 DATED:   August 21, 2020                    DAVID YEREMIAN & ASSOCIATES, INC.

23

24                              By /S/ David Yeremian
                                   David Yeremian

25                                 Roman Shkodnik
                                   Attorneys for Plaintiff Fred Tollini, and the

26                                 Settlement Class Members

27

28

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................. 1

II.     STATEMENT OF RELEVANT BACKGROUND FACTS ................................... 2

    A.   Procedural History and Settlement Approval Proceedings .......................... 2

    B.   The Proposed Settlement Fully Resolves Plaintiff's Claims........................ 3

    C.   Class Notice and Class Response ................................................................. 4

III.    LEGAL AUTHORITY FOR FINAL APPROVAL ............................................... 6

    A.   The Standard of Review ............................................................................... 6

    B.   Relevant Ninth Circuit Considerations Favor Settlement Approval ................................ 7

        1.   Strength of Plaintiff's Case........................................................... 8

        2.   The Amount Offered in Settlement ............................................... 9

        3.   Risk, Expense, Complexity, and Likely Duration of Litigation ......................... 9

        4.   Risk of Maintaining a Class Action through Trial and Appeal ......................... 11

        5.   Extent of Discovery Completed and Stage of the Proceedings ........................ 12

        6.   Experience and Views of Counsel ............................................... 12

        7.   Presence of a Governmental Participant........................................ 13

        8.   Reaction of the Settlement Class Members to the Settlement .......................... 14

        9.   Settlement Procedure .................................................................... 14

    C.   Approval of Attorneys' Fees, Costs, Representative Enhancement ............................... 15

    D.   Final Certification for Settlement Purposes Is Appropriate ........................ 17

    E.   Settlement Administration Costs Should Be Approved ................................ 17

IV.     NOTICE HAS BEEN DISSEMINATED TO THE CLASS PURSUANT TO THE
        COURT-APPROVED NOTICE PROGRAM…………………………………………17

V.      CONCLUSION.................................................................................................. 18

PLAINTIFF'S MEMORANDUM RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1

## **TABLE OF AUTHORITIES**

2

**State Cases**

3

*Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) ...................................................... 11

4

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979) ........................................ 9, 13

5

*Churchill Vill., LLC v. Seattle,* 361 F.3d 566, 576 (9th Cir. 2004) ....................................... 8

6

7

*Churchill Village v. General Electric*, 361 F.3d 566, 575 (9th Cir.), *cert. denied*, 543 U.S. 818
(2004) ........................................................................................................................... 7

8

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.), *cert. denied*, 506 U.S. 953
(1992) ........................................................................................................................... 7

9

*Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997)..................................................... 11

10

*Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980)................................... 7

11

12

*Fecht v. Northern Telecom Ltd. (In re Northern Telecom Ltd. Sec. Litig.)*, 116 F. Supp. 2d 446
(S.D.N.Y. 2000) ........................................................................................................... 11

13

*Fisher Bros. v. Cambridge-Lee Industries, Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985) .............. 13

14

*Grunin v. International House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975)............................ 6

15

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)........................................... 6

16

*Hervey v. City of Little Rock*, 787 F.2d 1223, 1227 (8th Cir. 1986) ................................... 11

17

*In re Apple Computer Sec. Litig.*, 1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991).......... 11

18

*In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 625 (D. Colo. 1976). ........................................ 14

19

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) ........................................ 6

20

*In re Omnivision Tech., Inc.,* 2008 WL 123936  (N.D. Cal. 2008)................................................... 9

21

*In re PaineWebber Ltd. Pships. Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997)............................. 14

22

*In re Patriot Am. Hospitality, Inc. Sec. Litig. (Open Market Action)*, 2005 U.S. Dist. LEXIS
40995, *5 (N.D. Cal. 2005) ......................................................................................... 14

23

24

<u>In re Veritas Software Corp. Sec. Litig.</u>, 2005 U.S. Dist. LEXIS 30880 at *14-15 (N.D. Cal. Nov.
15, 2005)..................................................................................................................... 10

25

*In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y 1985), *aff'd* (2d Cir.
1986)........................................................................................................................... 12

26

*Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973) ..................................................... 8

27

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998).................................. 6

28

*Nelson v. Bennett*, 662 F. Supp. 1324, 1334 (E.D. Cal. 1987)................................................... 8

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*Officers For Justice v. Civil Serv. Comm.*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) ................................................................................................................. 6, 7

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999) ..................................... 11

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985) ......................................... 6

*Robbins v. Koger Props, Inc.*, 116 F.3d 1441 (11th Cir. 1997) ......................................... 11

*See Chatelain v. Prudential-Bache Sec.*, 805 F. Supp. 209, 213-14 (S.D.N.Y. 1992).................... 12

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) .................................................. 11

*West Virginia Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) ............................. 8

**State Statutes**

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-77 (1974) ............................................. 6

**Rules**

Fed. R. Civ. P. 23(a) ....................................................................................... 11

Fed. R. Civ. P. 23(e)(2) ..................................................................................... 7

**Treatises**

Manual for Complex Litigation (Second) § 30.44 (1985) ................................................ 14

Newberg & Conte, *Newberg On Class Actions* (3d ed. 1992), § 11.41, pp. 11-91 .......................... 7

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

On May 22, 2020, the Court granted preliminary approval of the proposed Settlement reached by the parties in this action, and approved the parties' proposed notice procedure.  (ECF No. 53).  Notice has been disseminated to the Class as directed by the Court.  By this motion, Plaintiff Fred Tollini ("Plaintiff") respectfully requests that the Court: (1) certify the Class for settlement purposes only; (2) find the Settlement fair, reasonable and adequate, and in the best interests of the Class Members; (3) approve Class Counsel's application for an award of attorneys' fees of $87,500.00 and costs of up to $16,000.00; (4) approve the Class Representative's application for $5,000.00; (5) approve the payment of the reasonable settlement administrative costs; (6) dismiss all of the claims in this action with prejudice and release and bar any further Class Member Released Claims by Class Members who did not timely opt out of the Settlement; (7) dismiss all of the claims of Plaintiff Fred Tollini in this action with prejudice and dismiss Plaintiff Fred Tollini as a party from the action and release and bar all of his Released Claims; and (8) grant final approval of the Settlement in this matter.

Pursuant to the terms of the Settlement, Defendant CGI Federal Inc., ("Defendant") will pay $350,000.00 ("Gross Fund Value"), which shall include: a Net Settlement Amount of approximately $230,250.00 from which payments to Class Members shall be made, (2) requested attorneys' fees of of $87,500.00 and costs of up to $16,000.00 to Class Counsel; (3) a $5,000.00 payment for settlement of claims for penalties under the Private Attorneys General Act, Labor Code §§ 2698 et seq., with $3,750.00 (75%) paid to the California Labor & Workforce Development Agency, and $1,250.00 (25%) to the Net Settlement Amount from which payments will be distributed to Class Members, (4) claims administration costs of $7,500.00; and (5) a requested $5,000.00 Service Enhancement Award to Plaintiff Fred Tollini.[1]

The effectiveness of the notice program, including skip trace attempts, and the adequacy of the Settlement, are reflected in the very positive reaction from the Class.  As of the filing date,

---

[1] On June 22, 2020, Class Counsel filed a Motion for Approval of Attorneys' Fees and Costs and noticed it concurrently for hearing with the instant motion.  ECF No. 54.

PLAINTIFF'S MEMORANDUM RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

only three Class Member have opted out.  No Class Members have expressed their intention to object to the Settlement, or disputed their individual settlement payment.  Three Class Member asked to be excluded from the.  The current participation rate in this case is 99.21%.  Declaration of Lluvia Islas of ILYM Group, Inc. In Support of Final Approval of Class Action Settlement ("Islas Final Approval Declaration").

      For the foregoing reasons, and the other details provided below, the Settlement meets the standards for final approval and should therefore be approved.

## II.    STATEMENT OF RELEVANT BACKGROUND FACTS

### A.    Procedural History and Settlement Approval Proceedings

      On April 30, 2018, in San Francisco County Superior Court alleging eight causes of action against Defendant for (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages Under FLSA, 29 USC §§ 206, 207; (3) Failure to Pay Wages and Overtime Under Labor Code § 510; (4) Meal-Period Liability Under Labor Code § 226.7; (5) Violation of Labor Code § 226(a); (6) Violation of Labor Code § 221; (7) Penalties Pursuant to Labor Code § 203; and (8) Violation of Business & Professions Code § 17200 *et seq*.  On May 30, 2018, Defendant filed their Answer to Plaintiff's Complaint. On July 18, 2018, the Parties filed their Joint Stipulation for Entry of an Order Granting Plaintiff Leave to File a First Amended Class Action Complaint, to add a single cause of action for Penalties Pursuant to Labor Code § 2699, *et seq*. (Yeremian Decl., ¶¶ 13-17.)  The Complaint was filed alongside Plaintiff's PAGA notice letter, which was submitted to the LWDA on April 30, 2018 (the "Action").

      On June 1, 2018, Defendant removed this lawsuit from San Francisco Superior Court to United States District Northern District of California.  (ECF No. 1.)

      On June 6, 2018, Defendant filed an answer to the complaint. (ECF No. 13.)

      On July 18, 2018, the Parties filed their Joint Stipulation for Entry of an Order Granting Plaintiff Leave to File a First Amended Class Action Complaint, to add a single cause of action for Penalties Pursuant to Labor Code § 2699, *et seq*. (ECF No. 15.)

      On October 9, 2018, the Parties dismissed Defendant CGI Technologies and Solutions, Inc., from the Action. (ECF No. 29.)

On November 21, 2019, Plaintiff filed his Motion for Preliminary Approval (ECF No. 40) of the parties' Stipulation of Settlement of Class Action and Release of Claims ("Settlement") (Ex. 1 to prior Yeremian Decl.).

On January 3, 2020, the court ordered Plaintiff to provide supplemental briefing (ECF No. 44).

On April 8, 2020, Plaintiff filed a revised Motion for Preliminary Approval (ECF No. 45).

On May 21, 2020, Plaintiff filed a supplemental declaration of David Yeremian to address additional concerns of Court (ECF No. 51)

On May 22, 2020 the parties' counsel appeared for the preliminary approval hearing. The court heard oral arguments from both Parties counsels before approving Plaintiff's motion for Preliminary Approval on the same day. (ECF No. 53.)

On June 1, 2020, the Claims Administrator received the class data file from Defendant Counsel. (Islas Final Approval Decl. ¶ 5.)

On June 8, 2019, the Claims Administrator mailed the Class Notice, via U.S. First Class Mail, to 380 class members.  (Islas Final Approval Decl. ¶ 7.)

On August 7, 2019, the deadline to object or opt out of the Settlement passed. (Islas Final Approval Decl. ¶¶ 11-12.)

On June 22, 2020, Plaintiff filed its motion for Award of Attorneys' Fees and Costs and Class Representative Enhancement. (ECF No. 54.)

**B.**     **The Proposed Settlement Fully Resolves Plaintiff's Claims.**

The proposed settlement resolves all class, collective and representative action claims against Defendant.  The settlement provides a significant recovery for Plaintiff and the Settlement Class Members.  Specifically, the Gross Fund Value of $350,000 is a guaranteed fund, with no reversion of funds to the Defendant and it also provides for payments to all Settling Class Members without their need to submit a claim form.  The settlement of this matter was achieved after significant investigation was done by both Parties, including informal discovery, production and analysis of time and payroll data, an extensive mediation information exchange process under the supervision of the mediator, a full-day mediation session, and disclosure of Defendant's data

regarding the policies and proposed class necessary for Plaintiff to fully evaluate this case. Further details about the Settlement terms are addressed and summarized by Class Counsel during Preliminary Approval. (*See* ECF No. 40-1, ¶¶ 42-71.) The Preliminary Approval Motion also provide further details as to how the parties added and allocated Settlement value and the bases for doing so. (*Id.*)

The portion of the Gross Fund Value remaining after subtracting the Claims Administration Expenses, Court-approved attorneys' fees and litigation costs, Court-approved Service Enhancement, and the portion of PAGA penalties payable to the LWDA, shall be designated the Net Settlement Amount eligible for distribution to Qualified Claimants on a pro rata basis. This amount is estimated to be around $230,250.00 (i.e., The Gross Fund Value of $350,000.00 minus the proposed Service Enhancement Award ($5,000), the proposed Class Counsel Award (up to $87,500.00), the maximum amount of Class Counsel's Costs ($16,000.00), the anticipated Settlement Administration Costs ($7,500.00) and the PAGA Payment ($3,750.00).) Based on these calculations, the 377 Participating Claimants will receive an estimated average gross payment of approximately $610.74, with the estimated highest gross payment being $1,826.07. (*See* Declaration of Lluvia Islas in support of Final Approval Motion "Islas Final Approval Decl.", ¶ 14.)

## C.    Class Notice and Class Response

As authorized by the Court's order preliminarily approving the Settlement, the Parties engaged ILYM Group, Inc. to provide settlement administration services. (Islas Final Approval Declaration. ¶ 3.) ILYM's duties have included: (a) calculating each Class Member's potential Individual Settlement Amount (this will include distribution of funds and tax-reporting following final approval); (b) printing and mailing the Class Notice; (c) resolving Settlement Class Members' disputes over the number of workweeks Defendant have record of them working during the Class Period, which was pre-printed on their individualized Class Notice (d) taking appropriate steps to trace, update and locate any Class Member whose address or contact information as provided to the Claims Administrator is inaccurate or outdated; (e) receiving and providing to Class Counsel and Defendant's counsel, and the Court, Requests for Exclusion and copies of

written objections (there are none); and (f) providing to Class Counsel and Defendant's Counsel a weekly report of activity.  The Class Notice summarized the settlement terms, provided Class Members with an estimate of how much they would be paid if the Settlement received final approval, and advised Class Members how to submit Requests for Exclusion or object to the Settlement.

On June 1, 2020, counsel for Defendant provided ILYM with a mailing list, including each Class Member's full name, last known address, last known telephone number, Social Security Number and employment dates held in a position covered by the Settlement.   (Islas Final Approval Decl. 5.)

As part of the preparation for mailing, all then 380 Class Member names and addresses contained in the Class List were then processed against the National Change of Address ("NCOA") database, maintained by the United States Postal Service ("USPS"), for purposes of updating and confirming the mailing addresses of the Settlement Class Members before mailing of the Class Notice. (Islas Final Approval Decl. 6.)  The NCOA contains requested change of addresses filed with the USPS. To the extent that an updated address was found in the NCOA database, the updated address was used for the mailing of the Class Notice. (*Id.* at 6.) To the extent that no updated address was found in the NCOA database, the original address provided by defense counsel was used for the mailing of the Class Notice. (Islas Final Approval Decl. ¶ 6.)

Only fifteen Class Notices have been ultimately deemed undeliverable as no better addresses were found for these Class Members after conducting a skip trace search. (Islas Final Approval Decl. ¶ 8.)

As of August 17, 2020, the Claims Administrator reports only three requests for exclusion from the Settlement. (Islas Final Approval Decl. ¶ 11.)  The deadline to request exclusion from the Settlement was August 7, 2020. (Islas Final Approval Decl. ¶ 11.)

ILYM reports a total of 377 Class Members will participate in the Settlement, representing a 99.21% participation rate. (Islas Final Approval Decl. ¶ 13.)

ILYM Group will charge $7,500.00 for fees associated with the administration of the settlement. This includes all costs incurred to date, as well as the estimated costs involved in

1    completing the settlement. (Islas Final Approval Dec. ¶14).

2         Plaintiff submits the notice and claims process has been successful and complied with

3    constitutional due process. *See, Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985)

4    (holding that "a fully descriptive notice [that] is sent [by] first-class mail to each class member,

5    with an explanation of the right to 'opt out,' satisfies due process"); *Grunin v. International House

6    of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975) (holding that "individualized notice by mail to the

7    last known address [is] the 'best notice practicable' in a class action contest"), *cert. denied*, 423

8    U.S. 864, 96 S. Ct. 124, 46 L. Ed. 2d 93 (1975), *citing Eisen v. Carlisle & Jacquelin*, 417 U.S.

9    156, 174-77 (1974).

10   **III.    LEGAL AUTHORITY FOR FINAL APPROVAL**

11        **A.    The Standard of Review**

12        Under Rule 23(e) of the Federal Rules of Civil Procedure, "A class action shall not be

13   dismissed or compromised without the approval of the court, and notice of the proposed dismissal

14   or compromise shall be given to all members of the class..." In deciding whether to approve a

15   proposed settlement, the Ninth Circuit has a "strong judicial policy that favors settlements,

16   particularly where complex class action litigation is concerned." *See Linney v. Cellular Alaska

17   Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998); *Class Plaintiffs v. City of Seattle*, 955 F.2d

18   1268, 1276 (9th Cir. 1992), *cert. denied*, 506 U.S. 953 (1992). Therefore, in making its assessment

19   pursuant to Rule 23(e), the Court's evaluation of what is otherwise "a private consensual

20   agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to

21   reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or

22   collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair,

23   reasonable, and adequate to all concerned." *Officers For Justice v. Civil Serv. Comm.*, 688 F.2d

24   615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *see also In re Mego Fin. Corp. Sec.

25   Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir.

26   1998).

27        A settlement hearing is "not to be turned into a trial or rehearsal for trial on the merits," nor

28   should the proposed settlement "be judged against a hypothetical or speculative measure of what

1    might have been achieved by the negotiators." *Officers for Justice*, 688 F.2d at 625. To the

2    contrary, the involvement of experienced class action counsel and the fact that the settlement

3    agreement was reached in arms' length negotiations, after relevant discovery had taken place,

4    create a presumption that the agreement is fair. *See, Ellis v. Naval Air Rework Facility*, 87 F.R.D.

5    15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981).

6         As explained above, the settlement was reached through informed negotiation by

7    experienced counsel on both sides, and after extensive investigation, informal discovery,

8    amendment of the complaint, mediations with an experienced and respected wage and hour

9    mediator, and conferences regarding exact terms and conditions of the settlement and notice. The

10   mediator's efforts in the mediations also ensured the interests of the Class Members were

11   adequately protected. Under these circumstances, the settlement should be afforded a presumption

12   of fairness.

13        **B.**    **<u>Relevant Ninth Circuit Considerations Favor Settlement Approval</u>**

14        A court can approve a class action settlement that binds class members "only after a

15   hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). A

16   presumption of fairness exists where: (1) the settlement is reached through arms-length bargaining;

17   (2) investigation and discovery are sufficient to allow counsel and the Court to act intelligently; (3)

18   counsel is experienced in similar litigation; and (4) the percentage of objections is small.  Newberg

19   & Conte, *Newberg On Class Actions* (3d ed. 1992), § 11.41, pp. 11-91.

20        The Ninth Circuit has explained that courts should consider "some or all" of the following

21   factors in determining whether a proposed settlement is fair, reasonable, and adequate:  (1) the

22   strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further

23   litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered

24   in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the

25   experience and views of counsel; (7) the presence of a governmental participant; and (8) the

26   reaction of the class members to the proposed settlement. *Churchill Village v. General Electric*,

27   361 F.3d 566, 575-576 (9th Cir. 2004), *cert. denied*, 543 U.S. 818 (2004), citing *Hanlon*, 150 F.3d

28   at 1026; *see also Linney*, 151 F.3d at 1242. One factor alone may prove determinative. *Id.*

1   Ultimately, "[s]trong judicial policy favors settlements." *Churchill Vill., LLC v. Seattle,* 361 F.3d

2   566, 576 (9th Cir. 2004) (omission and quotation marks omitted*) (*quoting *Churchill Vill., L.L.C. v.*

3   *Gen. Elec.*, 361 F.3d at 576).

4          The relevant *Churchill* factors weigh in favor of final approval. Here, the risk, expense,

5   complexity, and likely duration of further litigation, as well as the risk of maintaining class action

6   status throughout the trial, were high. Defendant would have contested class certification by

7   arguing that individualized issues predominate and by contesting typicality. (Yeremian Decl., at

8   ECF No. 40-1, ¶ 21.) This is a complex class action case, and establishing liability and proving the

9   amount of damages sustained would be risky, especially in view of Plaintiff's investigation. (*See,*

10  *e.g.*, ECF No. 40-1, ¶ 21

11              **1.       Strength of Plaintiff's Case**

12         In evaluating a settlement in this type of complex litigation, courts have long recognized

13  that such litigation "is notably difficult and notoriously uncertain." *Lewis v. Newman*, 59 F.R.D.

14  525, 528 (S.D.N.Y. 1973) (footnote omitted.). Thus, compromise is particularly appropriate. *Nelson*

15  *v. Bennett*, 662 F. Supp. 1324, 1334 (E.D. Cal. 1987). The strengths and risks associated with

16  Plaintiff's claims are addressed by Class Counsel in their Motion for Preliminary Approval.   (ECF

17  No. 40) (Yeremian Decl., ¶¶ 72-74; ECF No. 40-1.) Plaintiff's arguments as to how to value the

18  claims and Defendant's arguments against specific claims have also previously been summarized

19  by Class Counsel in connection with addressing the value assigned to each claim. (Yeremian Decl.,

20  ¶¶ 28-41 at ECF No. 40.)

21         To succeed at trial, Plaintiff would have to prevail on each and every element of his claims.

22  While Plaintiff believes he has arguments and evidence to counter each one of Defendant's

23  positions, there is no guarantee that the Court or jury would agree. *See West Virginia Chas. Pfizer*

24  *& Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) ("it is known from past experience that no matter

25  how confident one may be of the outcome of litigation, such confidence is often misplaced."), *aff'd*,

26  440 F.2d 1079 (2d Cir.), cert. denied, 404 U.S. 871 (1971).  *See also* Plaintiff's Motion for

27  Preliminary Approval of Class and Collective Action Settlement (ECF No. 40).

28  ///

**2.    The Settlement Amount is a Fair Compromise in Light of the Strength of Plaintiff's Claims and the Litigation Risks and Uncertainties**

As discussed above and in Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 40), the Settlement gives substantial monetary benefit to all Settlement Class Members.  With an average individual settlement payment of approximately **$610.74**, this represents a substantial and real recovery that is well-within the range of reasonableness for the benefit of the class members.

Plaintiff submits the Settlement value of **$350,000.00** for 377 Class Members is fair and reasonable in light of the risk of no recovery following protracted litigation, Defendant's policies and record of compliance, and for all the reasons addressed in this Motion and the Motion for Preliminary Approval. (ECF No. 40).  Based on the numerous risks and unresolved questions of law associated with continuing to litigate this case, it is in the best interests of the Settlement Classes to receive a certain and substantial award. Courts in the Ninth Circuit have observed: "simply because a settlement may amount to only a fraction of the potential recovery does not in itself render it unfair or inadequate. Compromise is the very nature of settlement." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979); *see also Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.,* 221 F.R.D. 523, 527 (C.D. Cal. 2004) (it is "well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *see e.g.*, *In re Omnivision Tech., Inc.,* 2008 WL 123936 (N.D. Cal. 2008) ($13.75 million settlement approved despite over $151.8 million estimate of damages through trial). The settlement here is significantly more than a "fraction" and in fact provides a reasonable recovery when considering the associated risk factors involved. The Settlement amount is fair and reasonable in light of the uncertainties associated with continued litigation.

**3.    Risk, Expense, Complexity, and Likely Duration of Litigation**

Defendant vigorously disputed that the claims in this action have merit and would have continued to assert legal and factual grounds to defend against this action. Defendant further does not concede that certification is appropriate or a class trial would be manageable. If there was no settlement and Plaintiff proceeded through Class certification, expert discovery and trial preparation

would be expensive and complex. While certainly attainable from Plaintiff's perspective, victory in such a complex trial is hardly assured. *See In re Veritas Software Corp. Sec. Litig.* 2005 U.S. Dist. LEXIS 30880 at *14-15 (N.D. Cal. Nov. 15, 2005) (challenges in proving damages and other litigation risks supported approval of settlement).

While Defendant has agreed to settle the action, if this case were to proceed, Defendant would continue to assert defenses against liability and as to class certification. Therefore, while Plaintiff believes the claims are meritorious and the Class would be able to establish liability, Plaintiff recognizes the uncertainties of trial and the risks inherent in establishing liability in a complex case of this nature.

By approving the Settlement, the Court can guarantee recovery for each of the **377** Participating Class Members without having the Class face the risk of trial and a possible appeal. Expenses incurred for a trial would severely deplete any eventual recovery. Further, post-trial motions and appeals could force class members to wait many more years for any recovery, further reducing its value. Consequently, resolution of this case before trial will substantially and meaningfully benefit the Settlement Class, while reasonably accounting for the risks associated with a protracted litigation.

Consistent with the foregoing, it would be grossly inefficient for the Class of current and former employees to bring individual actions to recover from Defendant for its alleged labor law violations. Moreover, the potential recovery to each individual class member is likely not high enough to provide them with the incentive to sue individually. For example, the highest estimated award here is approximately **$1,826.04** (with an average gross payment of $610.74) (Islas Final Approval Decl., ¶ 14), which would have been insufficient to cover the expenses of bringing an individual action or to generate sufficient funds for reasonable fees. By granting final approval of the Settlement, the Court can eliminate all risks and provide participating Settlement Class members with a certain recovery.

### 4. Risk of Maintaining a Class Action through Trial and Appeal

Maintaining a class action is an expensive and risky enterprise. In addition to the thousands of hours of time and money spent, with no hope of remuneration until and unless there is either a

settlement or a judgment, there is also the ever-present possibility that any victory attained by a plaintiff can be overturned. *See, e.g., Fecht v. Northern Telecom Ltd. (In re Northern Telecom Ltd. Sec. Litig.)*, 116 F. Supp. 2d 446 (S.D.N.Y. 2000) (summary judgment granted after seven years of litigation); *Robbins v. Koger Props, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation ground and judgment entered for defendant); *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997) (affirming the lower court's granting of summary judgment in favor of defendants); *In re Apple Computer Sec. Litig.*, 1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991) (class won jury verdict against two individual defendants, but district court vacated judgment on motion for judgment notwithstanding the verdict); *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (where the class won a substantial jury verdict and a motion for judgment notwithstanding the verdict was denied; however, on appeal, the judgment was reversed and the case dismissed – after 11 years of litigation).

Although the Class has been certified at this time for purposes of settlement only, there is no assurance that it would continue to remain certified. "A district court has a duty to assure that a class once certified continues to be certifiable under Fed. R. Civ. P. 23(a)." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999), citing *Hervey v. City of Little Rock*, 787 F.2d 1223, 1227 (8th Cir. 1986). Should this Court not finally approve the Settlement, Plaintiff would need to prevail upon his motion for class certification, which Defendant would vigorously oppose. Additionally, the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) substantially undermines Plaintiff's ability to certify a class action. Plaintiff must affirmatively demonstrate both that common questions of law and fact exist and that the methodology utilized for showing harm on a class-wide basis actually works, and Class Counsel addresses the risks it faced. (Yeremian Decl. at ECF No. 54-1, ¶¶ 41-46.) Defendant also believes *Dukes* forecloses "trials by formula," finding that this methodology violates its due process rights because it does not allow defendants to challenge and rebut any claims inevitably resulting in payment to persons not damaged, and it poses issues. Federal courts have cited *Dukes* to deny class certification and to decertify cases.

1    Settlement at this time will avoid this uncertainty, and additional substantial costs, such as

2    those that have already been incurred by both Parties, and will avoid the delay and risks that

3    would be presented by the further prosecution of this litigation. The instant settlement eliminates

4    these risks.

5         **5.    Extent of Discovery Completed and Stage of the Proceedings**

6         The extent of evidentiary review completed and the stage of the proceedings bear on

7    whether settlement should be approved. Courts look to whether investigation of the facts and

8    evidence is sufficient to allow counsel and the court to act intelligently. *In re Warner*

9    *Communications Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y 1985), *aff'd* (2d Cir. 1986).

10        Discovery and investigation allowed both parties to assess their relative positions and come

11   to the conclusion, based on the analysis of the information, that settlement at this stage of the

12   litigation was proper and that the settlement terms and amount were fair, adequate and reasonable.

13   (Yeremian Decl. at ECF No. 40-1, ¶¶ 18-27.) Counsel also completed informal discovery and were

14   in possession of the documents and data necessary for estimating liability exposure at the

15   mediations. (*Id.*)

16        By the time the settlement was reached, the action had proceeded to the point where both

17   Plaintiff and Defendant had "a clear view of the strengths and weaknesses of their cases." *In re*

18   *Warner Communications Sec. Litig.*, 618 F. Supp. at 745. At the time the Parties mediated the

19   action, Plaintiff had been litigating the action for many months and had conducted extensive

20   informal investigation and retained an expert to review data and employment practices.

21   Accordingly, the stage of the proceedings, and the amount of the discovery completed, strongly

22   favor approval of the Settlement. *See Chatelain v. Prudential-Bache Sec.*, 805 F. Supp. 209, 213-14

23   (S.D.N.Y. 1992).

24        **6.    Experience and Views of Counsel**

25        Courts routinely presume a settlement is fair where it is reached through arm's-length

26   bargaining. *See Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action

27   settlement where parties reached agreement after several months of negotiation and the record

28   contained no evidence of collusion); *see also Satchell v. Fed. Express Corp.*, No. C 03-2659 SI,

2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Carter v. Anderson Merchandisers, LP*, No. EDCV 07-0025-VAP, 2010 WL 1946784, at *7 (C.D. Cal. May 11, 2010) (citing *Satchell*). Furthermore, where counsel are well-qualified to represent the proposed class in a settlement based on their extensive class action experience and familiarity with the strengths and weakness of the action, courts find this factor to support a finding of fairness. Carter, 2010 WL 1946784, at *8 ("Counsel's opinion is accorded considerable weight.").

Here, the Settlement is the product of arms-length negotiations conducted by capable counsel who are experienced in class action litigation and have invested many hours, and the assistance of an experienced wage and hour class action mediator. (Yeremian Decl., at ECF No. 40-1, ¶¶ 3-9; ECF No. 54-1, ¶¶ 4-10.). Defendant is represented by very skilled and capable counsel from a law firm of top tier attorneys. (Yeremian Decl., ¶ 8.)

Having conducted extensive informal investigation and discovery in this case and having assessed the risks of continued litigation, it is the view of Class Counsel that the settlement appropriately reflects the relative strengths of the parties' respective claims and defenses, as well as the substantial risk presented in continuing the litigation, while recognizing the uncertainty, risk, expense, and delay attendant to continuing the action through trial and any appeals. (Yeremian Decl., at ECF No. 39-1 ¶¶ 24, 77-85.) Such recommendations should lend a presumption of reasonableness to the Settlement. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Fisher Bros. v. Cambridge-Lee Industries, Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis*, 87 F.R.D. at 18 (the view of the attorneys actively conducting the litigation, while not conclusive, "is entitled to considerable weight"). Moreover, "[c]ourts have consistently refused to substitute their business judgment for that of counsel, absent evidence of fraud or overreaching." *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 625 (D. Colo. 1976).

### 7.    Presence of a Governmental Participant

Pursuant to California Labor Code §§ 2698 - 2699.5, Plaintiff's counsel has notified the Labor Workforce Development Agency ("LWDA") of the Settlement and Amended Settlement and the PAGA claim and payment, and the final approval hearing. (Yeremian Decl., ¶ 3.) Thus,

13

1  governmental agencies such as the LWDA will have the opportunity to weigh in on the proposed

2  Settlement should they believe it unfair in any respect. This process has helped to ensure that the

3  interests of the Settlement Class are protected, and confirms the reasonableness of the Settlement.

### 8.    Reaction of the Settlement Class Members to the Settlement

5      "A favorable reception by the Class constitutes 'strong evidence' of the fairness of a

6  proposed settlement and supports judicial approval." *In re PaineWebber Ltd. Pships. Litig.*, 171

7  F.R.D. 104, 126 (S.D.N.Y. 1997), *aff'd*, 117 F.3d 721 (2d Cir. 1997). Here, **377** Class Members out

8  of **380** in the Settlement Class have all become Participating Class Members. (Islas Decl., ¶ 16.)

9  This demonstrates a "favorable reception" by class members to the settlement. Accordingly, this

10  factor of the test is satisfied and supports final approval of the Settlement.

11      The Settlement has been well-received by the Class members. As August 7, 2020 was the

12  deadline to request exclusion from the Settlement or raise any objections and no Class members

13  have objected to the settlement and there are only three requests for exclusion. (Islas Final Approval

14  Decl., ¶ 11-12.)

15      Thus, given the present number of **377** Participating Class Members, the Class members

16  have responded with a **99.21%** participation rate.

### 9.    Settlement Procedure

18      Another factor that may be considered by the Court is "the procedure by which the

19  settlement was arrived at." *See In re Patriot Am. Hospitality, Inc. Sec. Litig. (Open Market*

20  *Action)*, 2005 U.S. Dist. LEXIS 40995, *5 (N.D. Cal. 2005) ("To these factors, the court adds (9)

21  the procedure by which the settlements were arrived at, see Manual for Complex Litigation

22  (Second) § 30.44 (1985) . . . ."). As noted above and described in the Motion for Preliminary

23  Approval (ECF 40), the Settlement was achieved only after protracted and complex arms-length

24  negotiations by experienced counsel, and with the assistance of an experienced mediator. There is

25  no doubt that the settlement process was adversarial and, therefore, favors approval of the final

26  settlement. *See id.* at *8 (finding that "vigorously adversarial" procedure for arriving at settlement

27  "militates in favor of the settlement").

28  ///

**C.    Approval of Attorneys' Fees, Costs, Representative Enhancement**

Plaintiff and Class Counsel have negotiated a Gross Fund Value of **$350,000.00** for **377** employee Class members in connection with this non-reversionary Settlement. (Yeremian Decl., ¶ 10.) Administration of the Settlement has progressed past the deadline to object or opt-out of the Settlement on **August 7, 2020**, and the final approval hearing is approaching on **September 4, 2020**. Plaintiff therefore requests, without opposition from Defendant, that Plaintiff's Counsel be awarded at final approval, from the preliminarily approved Gross Fund Value of $350,000.00, our attorney's fees (not to exceed 25% of the Gross Fund Value, i.e. $87,500.00) and reasonable costs incurred of up to $16,000.00, as awarded by the Court (with present costs at approximately $12,815.72). (Yeremian Decl., ¶ 10.)

Class Counsel has provided support for its request that the Court award attorneys' fees at the 25% federal benchmark based on Counsel's submissions in connection with this Motion and efforts advancing this litigation to and through Settlement. (Yeremian Decl., ¶¶ 10-19; ECF No. 54-1, ¶¶ 18-41.) David Yeremian & Associates, Inc., and the other associate attorney, Roman Shkodnik, who has worked on this case, have the background, resources, and experience to zealously represent Plaintiff and the Settlement Class Members, and have done so. (Yeremian Decl., ¶¶ 6-7.) Class Counsel has also addressed the reasonable of its hourly rates. (Yeremian Decl., ¶¶ 12-18; ECF No. 54-1, ¶¶ 18-27.)

Class Counsel has provided the Court with a summary of the hours invested in this case and the Time and Task Detail listings for the attorneys working on it addressing their hours and attorneys' fees for the lodestar cross-check. (Yeremian Decl., ¶ 10-16; ECF No. 54-1, ¶¶ 18-27; ECF No. 54-3, 54-4.)

As reported in connection with the filing of the Fees and Costs Motion, Class Counsel incurred approximately 264 attorney hours through the **June 22, 2020** filing, amounting to **$155,400.00** in attorneys' fees. (Yeremian Decl., at ECF No. 54-1, ¶¶ 18-27; ECF No. 54-3, 54-4.) Since **June 22, 2020** and through the filing of the present motion, Class Counsel reports that it has incurred an additional **15.4 hours** between Messrs. Yeremian and Shkodnik, which results in **279.4 hours** total hours and **$163,700.00** in total attorneys' fees through the filing of this Motion.

1    (Yeremian Decl., ¶¶ 17-18; ECF No. 54-1, ¶¶ 18-27; ECF No. 54-3, 54-4.) This number is above

2    the requested amount of **$87,500.00**, in reasonable attorneys' fees, and will increase when

3    considering all the further hours counsel will incur in taking this action through final approval

4    hearing and funding and disbursement. (Yeremian Decl., ¶ 17-18.) Therefore, no lodestar

5    multiplier will be required to award Class Counsel reasonable attorneys' fees of **$87,500.00** in

6    accordance with the federal benchmark of **25%** of the **$350,000.00** Settlement fund, which Class

7    Counsel and Plaintiff have created for the Class members. Class Counsel respectfully requests that

8    the Court award attorneys' fees in the amount of **$87,500.00**.

9           Class Counsel's declaration in support of the Fees and Costs Motion also reported that it

10   had incurred **$12,767.56** in litigation costs through **June 22, 2020**. (Yeremian Decl., ¶ 20-21; ECF

11   No. 54-1, ¶ 40, and Exhibit D thereto (Costs Invoice) at ECF No. 54-5). Since that time, and to

12   take this action through the final approval hearing, Class Counsel reports that the total litigation

13   costs it has incurred is estimated at **$12,815.72**. (Yeremian Decl., ¶ 21, and **Exhibit B** thereto for

14   updated Costs Invoice). The Settlement as preliminarily approved allocates up to **$16.000.00** for

15   litigation costs, but Class Counsel has incurred less. Any portion of the requested Class Counsel

16   Award ($87,500.00 in fees and up to $16.000.00 in costs) or the Class Representative

17   Enhancement and Service Award to Plaintiff ($5,000) that is not awarded to Class Counsel or

18   Plaintiff will be added back into the Net Settlement Amount and will be distributed to Settlement

19   Class Members as provided in the Agreement. (Yeremian Decl., Exhibit A.) Class Counsel also

20   requests that the Court award it costs reimbursements for reasonable litigation costs and expenses

21   incurred in this action in the amount of **$12,815.72**.

22          Finally, Class Counsel and Plaintiff request that the Court award Plaintiff the requested

23   Class Representative Enhancement and Service Award of **$5,000.00**. Class Counsel has addressed

24   the contributions Plaintiff has made to this litigation and his efforts on behalf of the Class

25   members. (Yeremian Decl., ¶ 9; ECF No. 54-1, ¶¶ 11-17.) Plaintiff also provided a Declaration in

26   support of the Fees and Costs Motion and award of the requested $5,000 Class Representative

27   Enhancement and Service Award, which details his invaluable contributions to this litigation and

28   his unwavering efforts to secure this Settlement on behalf of the Class members. (*See* Tollini

1   Declaration in support of Fees and Costs Motion, at ECF No. 54-6, ¶¶ 3-17.) Plaintiff and Class

2   Counsel request that he be awarded the requested Class Representative Enhancement and Service

3   Award of **$5,000.00**.

4          **D.      Final Certification for Settlement Purposes Is Appropriate**

5          For the reasons set forth in greater detail in connection with Plaintiff's previously filed

6   Motion for Preliminary Approval, Supplemental Briefing, and Fees and Costs Motion, Plaintiff

7   respectfully submits that the proposed putative Class satisfies the requirements of Fed. Civ. P.

8   23(b)(3) for purposes of settlement. The Court has preliminarily certified the putative class in its

9   Preliminary Approval Order. (*See* ECF. No. 53.) The "Class Period" means the period from **April**

10  **30, 2014** through **May 27, 2019**. The "Settlement Class Members" are defined as:  all current and

11  former non-exempt individuals employed by Defendant CGI Federal Inc. within the State of

12  California during the Class Period. Defendant's records establish that there are **377** Settlement

13  Class Members. (Islas Decl., ¶¶ 13.)

14         **E.      Settlement Administration Costs Should Be Approved**

15         The Court approved Settlement Administrator, ILYM Group, Inc., is and has been

16  responsible for mailing Class Notice to the Class Members, processing Class Notice, responding to

17  Class member inquiries, calculating the settlement payments, transmitting individual settlement

18  payments to participating Class Members, providing status reports of the claims administration to

19  all counsel on a regular basis, calculating and withholding the Class Members' share of taxes,

20  paying those withholdings to the appropriate government agencies, distributing the settlement

21  checks, and performing such other duties as the parties may direct. (*See* Islas Decl., ¶¶ 3-15.) The

22  preliminarily approved costs incurred by ILYM Group, Inc. are $7,500.00, and this is the amount

23  ILYM is requesting it be awarded at final approval. (*Id*. at ¶ 15.) Plaintiff therefore requests final

24  approval of the Settlement Administration costs to ILYM Group, Inc. in the amount of **$7,500.00.**

25  **IV.    NOTICE HAS BEEN DISSEMINATED TO THE CLASS PURSUANT TO THE**

26         **COURT-APPROVED NOTICE PROGRAM**

27         Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must

28  direct to class members the "best notice practicable" under the circumstances. Rule 23(c)(2)(B)

1    does not require "actual notice" or that a notice be "actually received." *Silber v. Mabo*, 18 F.3d

2    1449, 1454 (9th Cir. 1994). Notice need only be given in a manner "reasonably calculated, under

3    all the circumstances, to apprise interested parties of the pendency of the action and afford them an

4    opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S.

5    306, 314 (1950).

6          Here, the Parties jointly drafted the Notice of Class Action Settlement, which the Court has

7    approved.  (ECF No. 53).  Before mailing the Class Notice, the Claims Administrator verified the

8    addresses produced by Defendant for each Class Member using the National Change of Address

9    Database. (*See* Islas Final Approval Decl. ¶ 6) The Claims Administrator performed a skip trace to

10   ascertain the current addresses of the class members and re-mail notices to Claims Administrator,

11   11 Notices were re-mailed by ILYM, leaving 15 notices that were undeliverable. (*Id.* at ¶¶ 6-9.)

12   **V.    CONCLUSION**

13         For the reasons set forth herein, and in the Motion for Preliminary Approval and Motion

14   for Attorneys' Fees and Costs and Class Representative Enhancement, and the documents

15   submitted in support, Plaintiff respectfully requests that this Court grant final approval to the

16   proposed Settlement and enter the proposed Judgment and Order in the form submitted herewith.

17

18   DATED:  August 21, 2020                    DAVID YEREMIAN & ASSOCIATES, INC.

19

20                                              By /S/ David Yeremian
                                                   David Yeremian
21                                                 Roman Shkodnik
                                                   Attorneys for Plaintiff Fred Tollini, and the
22                                                 Settlement Class Members

23

24

25

26

27

28

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT