DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
David@yeremianlaw.com
Roman Shkodnik (SBN 285152)
roman@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
whaines@uelg.com
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone: (310) 652-2242

Attorneys for Plaintiff Fred Tollini,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED TOLLINI, on behalf of himself and others similarly situated, | Case No.: 18-cv-03275-MMC |
| | CLASS ACTION |
| Plaintiffs, | *[Assigned for all purposes to the Honorable Maxine M. Chesney]* |
| vs. | |
| CGI FEDERAL INC., a Delaware Corporation; CGI TECHNOLOGIES AND SOLUTIONS INC., a Delaware Corporation; and DOES 1 through 50, inclusive, | **[PROPOSED] ORDER:** |
| | **(1) GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE ENHANCEMENT PAYMENT** |
| Defendants. | |
| | Date:        September 4, 2020<br>Time:        9:00 a.m.<br>Courtroom.:  7 |
| | Complaint Filed: April 30, 2018<br>FAC Filed:        July 23, 2018 |

- 1 -
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

# ORDER

On September 4, 2020, the Court heard Plaintiff Fred Tollini's ("Plaintiff") Unopposed Motion for Attorneys' Fees and Costs and Class Representative Enhancement at Final Approval of Class Action Settlement ("Fees and Costs Motion") and unopposed Motion for Final Approval Class and Collective Action Settlement as set forth in the Stipulation of Settlement of Class Action and Release ( "Settlement Agreement") and Addendum to Settlement Agreement and Release of Claims ("Addendum") (collectively, the "Settlement") and in the above-captioned action. In accordance with the Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Settlement, Approval of Class Notice and Setting Final Approval Hearing (ECF No. 53), Class Members have been given notice of the terms of the Settlement and an opportunity to object to the Settlement, comment on it and exclude themselves from it.

Having considered the Settlement and the papers submitted by the Parties in support of final approval of the Settlement, the Court hereby orders and makes the following determinations:

1. The terms in this Order shall have the same meaning as assigned to them in the Settlement.

2. Class certification of the following Class and Collective, for settlement purposes only, is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b):  all current and former non-exempt individuals employed by defendant within the State of California at any time during the period from April 30, 2014 through May 27, 2019.

3. The Class meets the ascertainability, numerosity, commonality and typicality requirements to justify certification, that individualized issues do not predominate over the issues of law and fact that are common to the class as a whole, and that resolution of this matter through a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. Plaintiff Fred Tollini is an adequate class representative and appoints him as such.

5. Class Counsel, David Yeremian and Roman Shkodnik of David Yeremian & Associates, Inc. have adequately represented the Class, and their appointment as Class Counsel is confirmed.

**FINAL APPROVAL OF NOTICE PROGRAM**

6. Pursuant to the Court's Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Settlement, Approval of Class Notice and Setting Final Approval Hearing (ECF No. 53), a Notice of Class Action Settlement ("Class Notice") was mailed to Class Members by first class mail and also emailed to those class members for whom defendant possessed a last known email address. The Class Notice: (i) was the best practicable notice and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and Constitutional due process; (ii) was reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the Settlement, their right to participate in the Settlement, their right to exclude themselves from the Settlement, and their right to object to the Settlement, and/or appear at the Final Approval Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class settlement under Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law. The Court finds that these procedures afforded protections to Class Members and provided the basis for the Court to make an informed decision and approval of the Settlement.

**FINAL APPROVAL OF THE SETTLEMENT**

7. The terms of the Settlement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure.

8. The Settlement has been reached as a result of non-collusive, arms-length negotiations, was achieved with the aid of an experienced mediator, and is approved in its entirety.

9. Class Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable and adequate.

10. Pursuant to the terms of the Settlement, in exchange for the Settlement Class Members agreeing to release the Released Claims, the Gross Fund Value Defendant will be required to pay under the Settlement is $350,000.00, which is inclusive of the Class Counsel's Attorneys' Fees, Litigation Expenses, Claims Administration Costs, the PAGA Penalty Payment, Settlement Payments to Settlement Class Members, and the Service Enhancement Payment to the

Class Representative. Taking into consideration: the nature of the Plaintiff's claims; the nature of Defendant's defenses; the expense, complexity and likely duration of further litigation; the risk of attaining and maintaining class action status throughout the litigation, the Court finds the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of individual settlement payments among the Settlement Class Members is fair, adequate and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision to grant final approval.

11. There are three Class Members who timely requested exclusion from the Settlement, and no Class Members objected to it.

12. For the reasons stated on the record at the hearing, the Court finds the notice of settlement served by Plaintiff on the California Labor and Workforce Development Agency ("LWDA") satisfied the requirements of the PAGA. The LWDA has expressed no objection to the Settlement.

13. For the reasons stated on the record at the hearing, the notice of settlement served by defendant on the U.S. and applicable state Attorneys General satisfies the requirements of the Class Action Fairness Act. No such government official has expressed an objection to the Settlement.

14. In sum, taking into account the (1) strength of the plaintiffs' case, (2) the risk, expense, complexity, and likely duration of further litigation, (3) the risk of maintaining class action status throughout the trial, (4) the amount offered in settlement, (5) the extent of discovery completed and the stage of the proceedings, (6) the experience and views of counsel, (7) the presence of a governmental participant, and (8) the reaction of class members, the Court finds the Settlement is fair, adequate, reasonable and further finds the Settlement was made in good faith, negotiated at arm's length and represents the best interests of the Parties. Accordingly, the Court finds the Settlement deserves this Court's final approval and orders the Parties to consummate the Settlement in accordance with the terms thereof.

15. Neither this Final Approval Order, nor the Settlement shall constitute an admission by Defendant of any liability or wrongdoing whatsoever, nor is this Final Approval Order a

finding of the validity or invalidity of any claims in the action or a finding or wrongdoing by Defendant. Nor is any act performed or document executed pursuant to, or in furtherance of, the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant, Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant, Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, except for purposes of settling this action pursuant to the terms of the Settlement or enforcing the release of the Released Claims.

## DISMISSAL AND RELEASE

16. This action shall be dismissed on the merits with prejudice, with each party bearing his/her/its own costs, except as provided in the Settlement.

17. By this Final Approval Order, Plaintiff Fred Tollini shall release, relinquish and discharge all claims released in Sections 20 and 22 of the Settlement, as set forth in the Settlement and incorporated by reference herein.

18. By this Final Approval Order, each of the Settlement Class Members who did not opt out of the Settlement shall be deemed to have fully, and forever released, relinquished, and discharged all claims released by Sections 18 and 19 of the Settlement, as set forth in the Settlement and incorporated by reference herein. The Class Members who requested to opt out are:

      A. Cynthia Colvin
      B. Jimmy Padaoan
      C. Talia Christine Yage

## ALLOCATION OF THE SETTLEMENT

19. The Court approves that ILYM Group, Inc. will administer the settlement and shall be paid claims administration expenses in the amount of $7,500.00 from the Gross Fund Value for its services rendered in administering the settlement, in accordance with the Settlement.

20. The PAGA Payment arising under the California Private Attorneys General Act of $5,000.00 is approved, with the LWDA receiving $3,750.00 and the remaining $1,250.00 being

1  redistributed to the Settlement Class members who did not opt out. Payment of that amount shall
2  be paid from the Gross Fund Value in accordance with the Settlement Agreement, and there shall
3  be no further recourse for the civil penalties released under the terms of the Settlement.

4      21.    Based upon application by Class Counsel and Plaintiff, and his valuable
5  contribution to this litigation, the Court approves the payment of a Class Representative
6  Enhancement and Service Award in the amount of **$5,000.00** to Plaintiff (in addition to any
7  recovery he may receive as a member of the Settlement Class) in exchange for all Releases and in
8  recognition of his efforts and the risks he undertook in prosecuting this Action.

9      22.    Based upon application by Class Counsel, the Court approves the payment of
10 attorneys' fees to Class Counsel in the amount of **$87,500.00**, which is 25% of the Gross Fund
11 Value of **$350,000.00** to be paid in the manner set forth in the Settlement Agreement.  In
12 determining an award of attorney's fees where the class action settlement establishes a common
13 fund for the benefit of the class out of which the attorney's fee is awarded, courts have adopted the
14 percentage of fee calculation. See Laffitte v. Robert Half Int'l, Inc., 1 Cal. 5th 480, 493-94
15 (2016). The Court finds that a fee award at the Ninth Circuit 25% benchmark is reasonable in light
16 of the factors to be considered, including: (1) the results achieved; (2) the risk of litigation; (3) the
17 skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the
18 financial burden; and (6) the awards made in similar cases. See Barbosa v. Cargill Meat Solutions
19 Corp., 297 F.R.D. 431, 449 (E.D. Cal. 2013) (citing Vizcaino v. Microsoft Corp., 290 F.3d 1043,
20 1047 (9th Cir. 2002).  In addition, the Court finds the fee award reasonable under the lodestar
21 cross-check method. See Laffitte, 1 Cal. 5th at. at 506; Vizcaino, 290 F.3d at 1043. In so finding,
22 the Court has considered a variety of factors, including "the quality of the representation, the
23 novelty and complexity of the issues, the results obtained, and the contingent risk presented." See
24 Lealao v. Beneficial Cal., Inc., 82 Cal. App. 4th 19, 26 (2000); see also Hanlon v. Chrysler Corp.,
25 150 F.3d 1011, 1029 (9th Cir. 1998).

26     23.    Plaintiff's request for an award of reasonable litigation costs is also approved. Out
27 of the **$16,000.00** allocated to costs, Class Counsel has incurred **$12,815.72** in costs through final
28 approval. Class Counsel is awarded this amount, and the difference between that number and the

allocated amount will be added back into the Net Fund Value to be distributed to the Settlement Class Members in accordance with the Settlement Agreement.

24. Within 10 days of the Effective date, Defendant shall provide deposit the full Gross Fund Value into an account established by the Settlement Administrator.

25. Within 20 days after Defendant provides the total amount to be funded, the Claims Administrator shall pay to each Settlement Class Member his or her Individual Settlement Amount from the Net Fund Value, and make all other payments as set forth above, in accordance with the Settlement.

26. The Settlement Agreement and this Final Approval Order, as well as the Judgment entered thereon, shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiff's claims and the Released Claims released by the Settlement Class Members. The Settlement and this Final Approval Order and Judgment shall be binding on Plaintiff and the Settlement Class Members and others acting on their behalf.

27. Plaintiff and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

28. The Settlement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

29. Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiff, Defendant, and the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement.

30. No later than 200 days after the mailing of the settlement payment checks, the settlement administrator shall prepare and sign a declaration attaching as an exhibit all the settlement payment checks that have been cashed by the Settlement Class Members. Class Counsel shall file the declaration and exhibit with the Court within two weeks of receipt as the current record of all consents by Settlement Class Members to opt into the action and release Fair Labor Standards Act claims.

30. After settlement administration and distribution of funds have been completed, the Parties shall file a report with this Court certifying compliance with the terms of the Settlement and this Order.

31. If this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of claims, appointment of the Class Representative and appointment of Class Counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement.

**IT IS SO ORDERED.**

DATED: September 4, 2020

_____
HONORABLE MAXINE M. CHESNEY
JUDGE OF THE NORTHERN DISTRICT OF CALIFORNIA